IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE: Family Dollar Stores, Inc., Pest Infestation Litigation  )<br>)<br>)<br>)<br>This Document Relates To:  )<br>ALL CASES  )<br>) | 2:22-md-03032-SHL-tmp<br>(MDL Docket No. 3032) |

**ORDER GRANTING MOTION FOR STATUS CONFERENCE AND ISSUING
CASE MANAGEMENT ORDER NO. 1**

Before the Court are a Motion for Status Conference filed by all Plaintiffs[1] in this matter. (ECF No. 4), and a Response filed by all Defendants.[2] (ECF No. 8.)  Plaintiffs seek to convene a Status Conference to address a leadership structure for the Multi-District Litigation ("MDL"), a schedule for Plaintiffs to file a consolidated Complaint and for Defendants' responsive

---

[1] All counsel for Plaintiffs in the following cases join in this Motion: Whitney v. Family Dollar, Inc., 22-cv-02138 (W.D. Tenn. filed Mar. 4, 2022), Smith v. Family Dollar, Inc., et al., 2:22-cv-00043 (E.D. Ark. filed Mar. 14, 2022); Brown v. Family Dollar, Inc. et al., 2:22-cv-00040 (E.D. Ark. filed Mar. 10, 2022); Perrone, et al. v. Family Dollar, Inc., 22-cv-03056 (W.D. Mo. filed Mar. 8, 2022); Brown, et al. v. Family Dollar, Inc. et al., 22-cv-00105 (S.D. Ala filed Mar. 7, 2022); Fields, et al. v. Family Dollar, Inc., 22-cv-00611 (W.D. La. filed Mar. 13, 2022); Lacy, et al. v. Family Dollar, Inc., 22-cv-00098 (S.D. Miss. filed Feb. 23, 2022); Mull v. Family Dollar Stores of Tenn., et al., 22-cv-0272 (W.D. Tenn. filed May 2, 2022); Sharp v. Family Dollar et al., 22-cv-00090 (E.D. Ark. filed Mar. 30, 2022.); Robertson, et al. v. Family Dollar Stores of Ark., et al., 22-cv-00269 (E.D. Ark. Filed Mar. 24, 2022.); Rogers v. Family Dollar, et al., 22-cv-2159 (W.D. Tenn. filed Mar. 10, 2022); Robinson, et al. v. Family Dollar Inc., 22-cv-2182 (W.D. Tenn. filed Mar. 24, 2022); and Smith, et al. v. Family Dollar Services LLC t/a Family Dollar, et al., 22-cv-00208 (E.D. Va. filed Feb. 25, 2022).  While Plaintiffs included this original case information in their Motion, these cases are now docketed as part of the MDL litigation with new case numbers, as noted on the docket.

[2] In their Response, Defendants argue that multiple complaints involved in this litigation "name improper entities that should not be parties to this action," but that Defendants will confer on these issues with Plaintiffs' counsel before a consolidated complaint is filed.  (ECF No. 8.)

pleadings, and any other appropriate issues, including possible third-party claims and the initiation of discovery.

Defendants join in Plaintiffs' request for a Status Conference. (ECF No. 8 at PageID 26.) They also "submit that the appropriate sequencing should be the filing of a motion to appoint interim lead class counsel pursuant to Rule 23(g)(3), the filing of a consolidated amended complaint, and then briefing legal challenges to the claims in this action." (Id.) Defendant also provides the Court with information regarding a potential visit to the West Memphis facility at issue in this litigation. (Id.) Finally, in response to Plaintiffs' reference to a separate civil action by the Attorney General of Arkansas[3] involving some counsel who are also participating in this matter, Defendants submit that these matters also be coordinated for purposes of discovery and pretrial activities. (Id.)

Finding cause, the Court **GRANTS** the Motion. This matter is scheduled for an Initial Case Management Conference ("CMC") on **July 15, 2022 at 3:00 p.m. via Teams**.

## I. Initial Case Management Conference

One purpose of the CMC is to discuss an organizational structure for the Parties' leadership counsel. At this Conference, the Court will, among other things, appoint lead and liaison counsel for Plaintiffs and Defendants.[4] Pending that announcement, the Court also offers

---

[3] State of Arkansas vs. Family Dollar Stores, Inc., No. 60CV22-2725 (Ark. Cir. Ct. Pulaski Cty., filed Apr. 28, 2022).

[4] The Manual for Complex Litigation contemplates two different roles for counsel in the organizational structure of an MDL. Lead Counsel is "[c]harged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation." Manual for Complex Litigation §10.221 at 25 (Federal Judicial Center 4th ed. 2004). Liaison Counsel is "charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments in the case, and otherwise assisting in the coordination of

to the Parties the opportunity to be appointed <u>interim</u> liaison counsel[5] for the purposes of the CMC. If counsel wishes to be considered for interim liaison counsel, you must submit your name and curriculum vitae/resume to the Court's email address (ECF_Judge_Lipman@tnwd.uscourts.gov) by **Monday, June 27, 2022**. One interim liaison counsel will be appointed for Plaintiffs and one for Defendants. All other counsel are invited to attend the Conference but are not required to do so. Additionally, attendance at this CMC will not waive objections to jurisdiction, venue, or service.

Once appointed, interim liaison counsel for both Plaintiffs and Defendants shall meet and confer in advance of the CMC and shall, at least seven (7) days prior, submit a joint proposed agenda via the Court's email address (ECF_Judge_Lipman@tnwd.uscourts.gov). In addition to any other issues raised by counsel, the agenda shall include the following items and submissions:

- A. **Designation of Counsel.** Each Interim Liaison Counsel shall designate one additional attorney to speak on the Party's behalf during the initial conference, and such designation shall be included in the joint statement to be filed by **noon on July 8, 2022.**

- B. **Submission of Contact List.** The Interim Liaison Counsel shall present to the Court at the CMC a list of all counsel of record, together with their contact information (addresses, work and cell telephone numbers, fax numbers, and e-mail addresses).

---

activities and positions." <u>Id</u>. at 24.

[5] Interim liaison counsel is responsible for organizing the required pre-conference submissions outlined below, directing the activities of the Parties during the initial Conference, and performing such other duties incidental to the proper coordination of pretrial activities. Interim liaison counsel will receive, and, as appropriate, distribute copies of Orders and Notices from the Court and documents from opposing parties to counsel. Interim liaison counsel shall forward a copy of this Order and of additional orders issued before the appointment of lead and liaison counsel to other involved attorneys.

These submissions should be in electronic format, such as a Word document or PDF.

C. **List of Related Cases.**  Interim liaison counsel shall file a statement listing all known related cases pending in state or federal court in the Master Docket by **noon on July 8, 2022.**

D. **Rule 7.1 Disclosures.**  To assist the Court in identifying any problems of recusal or disqualification, all counsel shall file disclosures that comply with Federal Rule of Civil Procedure 7.1 in the Master Docket by **noon on July 1, 2022.**

E. **Case Management Order.**  The Court will hear suggestions on the content and timing for submission of a proposed Case Management Order ("CMO").  Interim Liaison counsel should submit proposed draft CMOs by **noon on July 8, 2022**, which shall include a proposed schedule for a consolidated complaint and responsive pleadings; for dispositive motions; for discovery and disclosures; for class certification and its opposition; for expert reports, expert discovery, and Daubert motions, and their opposition; and pretrial conference and trial dates.  Additionally, the Court suggests any proposed CMO should address the following:

(a) establishment of a document repository, and agreement on a document production format that is search-capable;[6] (b) coordination with state court litigation; and (c) use of a preservation order, if appropriate.  The Court will discuss these matters with the parties at the CMC.

---

[6] See, e.g., In re: Heparin Prods. Liab. Litig., MDL No. 1953, Case No. 08-HC-60000 Pretrial Order No. 8 at ¶¶ 6(a-1) (N.D. Ohio Sept. 15, 2008) (Master Docket No. 28) (setting out comprehensive procedures for the production of documents and electronically stored information).

F. **Position Briefs.**  The Interim Liaison Counsel shall coordinate the submission of position briefs, one from Plaintiffs and one from Defendants, by **July 12, 2022.**  The briefs should outline the primary facts, claims and defenses involved in this litigation, as well as the anticipated critical factual and legal disputes and possibility of settlement.

## II. Interim Measures

Until otherwise ordered by the Court:

A. **Applicability of Order.**  Before the Court's entry of a comprehensive Case Management Order ("CMO") governing all further pretrial proceedings in this case, the provisions of this Order shall govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of June 2, 2022.  (In re: Family Dollar Stores, Inc., Pest Infestation Litigation, Case No. 2:22-md-03032-SHL tmp (filed June 2, 2022), "MDL Transfer Order").  This Order also applies to all related cases and to any "tag-along actions" later filed in, removed to, or transferred to this Court.

B. **Consolidation.**  The civil actions assigned to MDL No. 3032 are consolidated for pretrial purposes.  Any "tag-along actions" later filed in, removed to, or transferred to this Court before the establishment of MDL No. 3032 or after, will automatically be consolidated with this action without the necessity of future motions or orders.  This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which that party has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

C. **Local Rules and Procedures.** Counsel shall familiarize themselves with this Court's Local Rules and with the current edition of the Manual for Complex Litigation, which is hereby adopted by the Court for general guidance. The provisions of this Order supersede any inconsistent provisions of the Court's Local Rules. Counsel also should note that the Court has established a webpage dedicated specifically to this litigation. See https://www.tnwd.uscourts.gov/22md3032.php. The Court will post Case Management Orders Applicable to "All Cases" on this website, as well as select orders from individual member actions and other relevant information.

D. **Master Docket.** The Clerk of this Court will maintain a Master Docket case file under the designation "In Re: Family Dollar Stores, Inc., Pest Infestation Litigation" and the identification "MDL No. 3032." The Master Docket will only include documents related to "All Cases."

E. **Filing Procedures.**

- **CM/ECF.** All filings shall be done electronically using the Case Management/Electronic Case Files system, in accordance with the Electronic Filing Policies and Procedure Manual for the United States District Court for the Western District of Tennessee. Service through ECF shall be deemed sufficient with no additional service required, with the exception of new Complaints filed and Subpoenas issued, which shall be done in accordance with the Federal Rules of Civil Procedure. Questions about filings in this case may be directed to the Clerk's Office at:

    Anthony Johnson
    MDL Clerk, Court of Clerk's Office
    901-495-1207
    Anthony_johnson@tnwd.uscourts.gov

- **Master Docket Filings.** If a document is applicable to all actions, this shall be indicated by the words "All Cases" contained in the caption and it should be filed only on the Master Docket.

- **Case-Specific Documents.** When a document is intended to apply to less than all cases, this Court's docket number for each individual case to which the pleading relates shall appear immediately after the words "This Document Relates to." Case-specific documents shall be filed in the relevant member action only and not in the Master Docket. For example, a motion to remand a member action to state court should be filed in the relevant member action only and not in the Master Docket.

- **Notice of Electronic Filing.** With regard to case-specific filings, all attorneys of record in the relevant member action will receive a Notice of Electronic Filing ("NEF") from the Court. For documents filed in the Master Docket, only those attorneys identified in the Master Docket as Counsel of Record will receive an NEF. When the Court appoints lead and liaison counsel, such counsel will be the only Counsel of Record in the Master Docket. As stated, these counsel will be responsible for service upon other attorneys and parties.

- **Notice of Appearances.** Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted to practice in this litigation pursuant to Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. The requirements of Local Rule 3.1 regarding admission pro hac vice are

otherwise waived. Association of local counsel is not required. Counsel appearing in this MDL are expected to familiarize themselves with all prior Court orders and proceedings, as well as the Local Rules of the Western District of Tennessee.

F. **Pleadings.** Each Defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

G. **Orders of Transferor Courts.** All orders by transferor courts imposing dates for pleading or discovery are **VACATED**. No new discovery shall be initiated, and any outstanding proceedings are **STAYED**. This Order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to conduct a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures or responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

H. **Motions**. Any motion pending in an action transferred to this district court from another jurisdiction is deemed **DENIED WITHOUT PREJUDICE** and must be re-filed in this district court.

I. **Preservation**. Before the entry of a formal protective order, all Parties must take reasonable steps to preserve documents and other records (including electronic documents) containing information potentially relevant to the subject matter of this litigation.

J. **Communications.** Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing (to ECF_Judge_Lipman@tnwd.uscourts.gov), with copies to opposing counsel, facilitated by Interim Liaison Counsel. Requests for specific dates and times for hearings should not be made without prior consultation with opposing counsel seeking agreement. The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The sharing of information in connection with this MDL among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and the cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or the attorney work-product doctrine.

## III. Leadership and Liaison Counsel Appointments

The Court will appoint Lead and Liaison Counsel for both Parties. Applications for these positions must be submitted for in camera review to the Court on or before **July 8, 2022**, via the Court's email address (ECF_Judge_Lipman@tnwd.uscourts.gov). Attorneys are welcome to attach a curriculum vitae to the application. Each submission should be no longer than **10 double-spaced pages**. The Court will only consider an attorney who has filed a civil action in this litigation or who is an attorney of record in a case that has been or will be removed or transferred to this MDL.

The Court intends to establish a balanced leadership team that reflects diversity of all types and which has the synergy to capably steer this litigation to resolution. Applicants shall address their (1) willingness and ability to commit to a time-consuming process; (2) current court-appointed legal commitments; (3) ability to cooperate with others; (4) professional experience in this type of litigation; (5) particular knowledge and expertise that will benefit all Plaintiffs or Defendants this case; (6) involvement in relevant litigation to date; (7) qualities that make them uniquely situated to serve in a leadership capacity in this case; and (8) access to sufficient resources to advance the litigation in a timely manner. Applicants should specify the leadership role they seek. Counsel applying for any of these positions should be available for a short interview via Teams should the Court determine that interviews are necessary.

**IT IS SO ORDERED,** this 23rd day of June, 2022.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE