# Exhibit J

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |
|---|---|
| *In re Family Dollar Stores, Inc., Pest Infestation Litigation* | MDL No. 3032 |
| **This Document Relates To:** | Case No. 2:22-md-03032-SHL-TMP |
| **ALL CASES** |  |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants by and through the undersigned attorneys, and pursuant to Federal Rules of Civil Procedure ("Federal Rules") Rules 26 and 33, and the Civil Local Rules of the U.S. District Court for the Western District of Tennessee ("Local Rules"), hereby object and provide the following responses and objections to Plaintiffs' First Set of Interrogatories (the "Interrogatories").

## GENERAL OBJECTIONS

Defendants object generally to the Interrogatories on the grounds set forth below:

1.      Defendants object to the Interrogatories to the extent that they are inconsistent with, or impose obligations greater than or beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the Western District of Tennessee, or any other schedule or ruling that may be entered by the Court.

2.      Defendants object to the Interrogatories to the extent that they seek proprietary information, confidential information, or commercially sensitive information of Defendants and their respective current and former employees that is not relevant to, or necessary for, this action. Without waiving any objection in this Response, Defendants will only produce confidential information pursuant to the protective order entered in this action.

3.      Defendants object to each Interrogatory to the extent that it seeks information not known or reasonably available to Defendants, or information that is not within Defendants' possession, custody, or control.  Subject to these Objections, in responding to the Interrogatories, Defendants will search for information only in their possession, custody, or control as of the date of these Responses.

4.      Defendants object to the Interrogatories to the extent they seek information exempt from discovery and protected from disclosure pursuant to any privilege, immunity or obligation of confidentiality, including, without limitation, the attorney-client privilege, the attorney work product doctrine, and any privilege created by statute or common law.  The absence of a specific objection on the grounds of privilege should not be interpreted as evidence that Defendants do not object to an Interrogatory on the basis of an applicable privilege.  Nothing contained in this Response is intended to be nor should be considered a waiver of any attorney-client privilege, work product doctrine, the right of privacy, or any other applicable privilege or doctrine, and to the extent that any Interrogatory may be construed as calling for disclosure of information protected by such privileges or doctrines, a continuing objection to each and every such Interrogatory is hereby imposed.

5.      Defendants object to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed or erroneous.  By responding and objecting to these Interrogatories, Defendants do not admit the correctness of any such assertions.

6.      To the extent that Plaintiffs disagree with or do not understand any General or Specific Objection to an Interrogatory, Defendants are willing to meet and confer with Plaintiffs in a good-faith effort to address Plaintiffs' questions or concerns.

7.      Defendants object to each Interrogatory to the extent it seeks information without any limitations based on time.  Unless otherwise specified, Defendants' Responses are limited to information generated during the period of January 1, 2021 through February 18, 2022, the period

covered by Family Dollar's product recall, and Defendants are willing to confer further with Plaintiffs regarding the relevant time period in this litigation.

8.     In making these objections, Defendants do not, in any way, waive or intend to waive, but rather intend to preserve and are preserving the following:

a.   All objections as to competency, relevancy, materiality, authenticity, and admissibility of any objections, responses and/or information provided in response to the Interrogatories;

b.   All rights to object on any grounds to the use in evidence, at trial, at any hearing, or at any proceeding of any of these objections, responses, and/or information provided in response to the Interrogatories; and

c.   All rights to object on any grounds at any time to a demand for any further response to these or any other Interrogatories.

9.     Defendants' investigation of the claims and defenses in this case remains ongoing, and Defendants reserve the right to supplement their responses to these Interrogatories at a later date.

10.    Nothing contained in any response herein shall be deemed to be an admission, concession, or waiver by Defendants as to the validity of any claim, allegation, or defense that has been or may be asserted by Plaintiffs in this action, or to the relevance or admissibility of any documents or information produced in the litigation or provided in these responses.

11.    Pursuant to the parties' protective order (Dkt. 58), Defendants designate their response to Interrogatory No. 6 as confidential.

## OBJECTIONS TO INSTRUCTIONS

1.     Defendants object to each and every one of Plaintiffs' Instructions as overly broad and unduly burdensome to the extent that they are inconsistent with, or impose obligations greater than or beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the Western District of Tennessee, the approved ESI Protocol (Dkt. 61), the Protective Order (Dkt. 58), and any other applicable rules and/or orders that may be entered by the Court.  Defendants

will respond to Plaintiffs' Interrogatories in accordance with such applicable rules and orders, or as otherwise agreed by the parties.

2.      Defendants object to Instruction No. 1 as vague and ambiguous with respect to the phrases "location and ascertainment of the answer," "relevant compilations, abstracts, or summaries," and "identity of the file or files." Defendants further object to Instruction No. 1 to the extent it calls for the production of information as to which Defendants owe a duty of confidentiality or nondisclosure to a third party, absent permission from the producing third party or a court order. Defendants will respond to Plaintiffs' Interrogatories in accordance with applicable rules and orders, including Federal Rule of Civil Procedure 33(d), or as otherwise agreed by the parties.

3.      Defendants object to Instruction No. 2 as vague, ambiguous, and overly broad with respect to the phrase "unable to answer" and "incomplete." Defendants further object to Instruction No. 2 to the extent that it would call for the production of documents that are not in Defendants' possession, custody, or control, in particular with respect to the requirement that Defendants "identify or describe" sources of information that Defendants do not have. Defendants will respond to Plaintiffs' Interrogatories in accordance with applicable rules and orders, including Federal Rule of Civil Procedure 33(b), or as otherwise agreed by the parties.

## OBJECTIONS TO DEFINITIONS

1.      Defendants object to Plaintiffs' definition of "Adequate" on the grounds that the phrases "the intended purpose" and "in keeping with good public health practice" are vague and ambiguous. Defendants further object to the definition as overly broad and unduly burdensome to the extent that the phrase "in keeping with good public health practice" would call for the production of information not relevant to the claims and defenses at issue in this litigation. By way of example only, the current formulation could call for information regarding the routine cleaning of bathrooms at every Family Dollar store location.

2.      Defendants object to Plaintiffs' definitions of "Communication" and "Meeting" as overbroad and unduly burdensome to the extent they purport to require the collection of

information from sources that are not readily accessible or request information that is not within Defendants' possession, custody, or control.

3.      Defendants object to Plaintiffs' definition of "Complaint" as vague, ambiguous, and overbroad with respect to the phrase "any formal or informal expressions of dissatisfaction." Such "expressions" could include, by way of example, body language or facial expressions that express dissatisfaction (frowning, crossing arms, shaking head "no").  Any attempt to identify complaints as defined by Plaintiffs would involve a burdensome interview process.  In addition, because employees can submit complaints through a variety of different channels, the term complaints as defined by Plaintiffs would require the collection and review of numerous sources of information. Defendants will interpret complaints to mean "a statement that a situation is unsatisfactory or unacceptable that was made through any formal channels for providing such feedback."

4.      Defendants object to Plaintiffs' definition of the term "Defendants" as vague, ambiguous, overly broad, and unduly burdensome on the grounds that it includes entities not controlled, and persons never employed, by Family Dollar, Inc. and its direct and indirect subsidiaries.  Defendants further object to Plaintiffs' definition of the term "Defendants" to the extent it fails to identify with sufficient particularity the entities about whom the Interrogatories seek information.  Defendants will interpret "Defendants" to include Family Dollar, Inc., Dollar Tree, Inc., Dollar Tree Stores, Inc., Family Dollar Services, LLC, Family Dollar Stores of Arkansas, and Family Dollar Stores of Tennessee, Inc.

5.      Defendants object to Plaintiffs' definition and use of the term "Employee" as vague, ambiguous, overly broad, and unduly burdensome on the grounds that it includes entities not controlled, and persons never employed, by Defendants.  Defendants will interpret "Employee" to include all current or former salaried employees and hourly employees of Defendants from January 1, 2021 through February 18, 2022.

6.      Defendants object to Plaintiffs' definition of "Family Dollar" as vague, ambiguous, overly broad, and unduly burdensome on the grounds that it includes entities not controlled, and

persons never employed, by Family Dollar, Inc. and its direct and indirect subsidiaries.  Defendants will interpret "Family Dollar" to include Family Dollar, Inc., Family Dollar Services, LLC, Family Dollar Stores of Arkansas, and Family Dollar Stores of Tennessee, Inc., and any of their subsidiaries, divisions, subdivisions, predecessor and successor entities.

7.      Defendants object to Plaintiffs' definition of "Infestation" as overly broad, unduly burdensome, and not relevant to the claims or defenses in this action to the extent it includes "any live or dead life cycle stages of insects in a host product . . . or evidence of their presence." Defendants further object to Plaintiffs' definition as vague and ambiguous in its use of the undefined phrase "active breeding population."  Defendants will interpret "Infestation" as limited to the establishment of the presence of a significant number of live rodents.

8.      Defendants object to Plaintiffs' definition of "Inspection" as overly broad, unduly burdensome, vague, and irrelevant to the extent it is not tailored to the specific claims or defenses in this litigation and seeks information concerning "the physical observation of any tangible matter."  Defendants also object to this definition as overly broad and unduly burdensome to the extent it purports to require Defendants to identify or respond to questions about information that is not within Defendants' possession, custody, or control.

9.      Defendants object to Plaintiffs' definition of "Pest" on the grounds that the phrase "objectionable animals or insects" is vague and ambiguous.  Defendants further object to the definition as overly broad and unduly burdensome to the extent that it seeks information on "*any* objectionable animals or insects," without limitation to the classes of animals at issue in this litigation.  Defendants will interpret "Pest" to include rodents, mice, and rats.

## OBJECTIONS TO RULES OF CONSTRUCTION

1.      Defendants object to Plaintiffs' Rule of Construction No. 7 as vague and with respect to the phrase "specific customary and usage definition in your trade and industry." Defendants further object to this Rule of Construction as overly broad and unduly burdensome to the extent that it would require Defendants to make assessments about "specific customary and usage definitions" of words and/or terms based on incomplete information.  Unless otherwise

specified, Defendants will interpret undefined words and terms consistent with their usual and customary dictionary definitions.

2.      Defendants object to Plaintiffs' Rule of Construction No. 8 as overly broad and unduly burdensome to the extent that it would attribute to Defendants knowledge, information, and materials belonging only to entities not controlled, and persons never employed, by Family Dollar, Inc. and its direct and indirect subsidiaries.  Defendants further object the Rule of Construction as vague and ambiguous with respect to the terms "agents" and "representatives." Defendants will respond to Plaintiffs' Interrogatories on the basis of documents and information in the possession, custody, or control of Family Dollar, Inc., Dollar Tree, Inc., Dollar Tree Stores, Inc., Family Dollar Services, LLC, Family Dollar Stores of Arkansas, and Family Dollar Stores of Tennessee, Inc.

3.      Defendants object to Plaintiffs' Rule of Construction No. 9 as overly broad and unduly burdensome to the extent that, as applied to Plaintiffs' Interrogatories, it would require Defendants to provide information from a period of more than five and a half years, including four full years prior to the period covered by Family Dollar's product recall.  Defendants also object to the Rule of Construction on the ground that it would require Defendants to provide information and documents that are not relevant to any party's claims or defenses, and/or of such marginal relevance that its probative value is substantially outweighed by the burden imposed on Defendants in having to search for and provide such information and documents.  Unless otherwise specified, Defendants' Responses are limited to information generated during the period of January 1, 2021 through February 18, 2022, the period covered by Family Dollar's product recall.  Defendants are willing to confer further with Plaintiffs regarding the appropriate time period.

## SPECIFIC RESPONSES AND OBJECTIONS

## INTERROGATORY NO. 1.

Identify all employees working at the West Memphis Distribution Center from January 1, 2017 through the present, listing, for each, the following (a) employee name, (b) last known

address, (c) email address, (d) phone number, (e) job title(s) held by the employee from January 1, 2017 through the present, and (f) the employee's period of employment.

**RESPONSE TO INTERROGATORY NO. 1.**

Defendants refer to and incorporate by reference the Objections to the Instructions, the Rules of Construction, and the Definition of "Employee" as though fully set forth in this Response. Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, including, for example, with respect to the time period and by seeking, for example, the names, email addresses, phone numbers, and addresses of "all employees working at the West Memphis Distribution Center from January 1, 2017, through the present." Defendants further object to this Interrogatory to the extent it calls for information protected from disclosure by a right of privacy, including the production of employee records.

Subject to and without waiving the foregoing objections, Defendants reserve the right to supplement this response as their investigation continues. At this stage, Defendants identify the following individuals with knowledge relating to operations and maintenance at the West Memphis Distribution Center:

1. Bruce Learned, Facility Maintenance Manager, West Memphis Distribution Center;

2. Chris Murabito, General Manager, West Memphis Distribution Center.

**INTERROGATORY NO. 2.**

Identify all employees and third parties that were tasked with, had job duties concerning, or were hired to address (a) cleaning, sanitization, or maintenance of the West Memphis Distribution Center, any equipment within the facility, or the grounds surrounding the facility; (b) quality control operations and corrective action; (c) pest prevention or control, including extermination and/or fumigation, screening and other protections against pests; (d) handling consumer, employee, or store complaints relating to cleaning, sanitization, maintenance, or pest prevention or control; (e) refuse handling, storage, and disposal; and (f) inventory or product

damage, contamination, or disposal at the West Memphis Distribution Center from January 1, 2017 through present.

**<u>RESPONSE TO INTERROGATORY NO. 2.</u>**

Defendants refer to and incorporate by reference the Objections to the Instructions, the Rules of Construction, and the Definition of "Employee" as though fully set forth in this Response. Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, including, for example, with respect to the time period, by seeking identities of "all employees and third parties" working at the West Memphis Distribution Center from January 1, 2017, through the present, and by seeking the identities of employees and third parties tasked with "cleaning, sanitization or maintenance of . . . any equipment within the facility, or the grounds surrounding the facility . . . [or] refuse handling, storage, and disposal." Defendants also object to this Interrogatory as vague and ambiguous with respect to its use of undefined terms, including "tasked with, had job duties concerning, or were hired to address." Defendants object to this Interrogatory, including to the extent that it seeks information about "employees" *and* "third parties," on the grounds that it is compound, as it contains multiple discrete subparts and introduces separate and distinct lines of inquiry that are not logically and factually subsumed within, and necessarily related to, the primary question. Defendants further object to this Interrogatory to the extent it calls for information protected from disclosure by a right of privacy, including the production of employee records. Defendants also object to this Interrogatory to the extent it seeks information as to which Defendants owe a duty of confidentiality or nondisclosure to a third party, absent permission from the producing third party or a court order.

Subject to and without waiving the foregoing objections, Defendants reserve the right to supplement this response as their investigation continues. At this stage, Defendants identify the following pest management companies:

1. Rentokil;

2. Presto-X;

3.   Ecolab.

In addition, Defendants incorporate by reference their response to Interrogatory No. 1.

## INTERROGATORY NO. 3.

Identify the three individuals most knowledgeable about each of the following:

a.   Family Dollar's collection, maintenance, and storage of point-of-sale, transaction, and consumer data from January 1, 2020 and the availability of such data at present;

b.   Pest control, prevention, infestation, and contamination at the West Memphis Distribution Center from January 1, 2017 to the present;

c.   Pest control, prevention, infestation, and contamination at Family Dollar stores throughout the United States from January 1, 2015 to the present.

d.   Policies and procedures applicable to the West Memphis Distribution Center and the adequacy of those policies and procedures form January 1, 2017;

e.   Defendants' management, oversight, or responsibility concerning of the West Memphis Distribution Center; knowledge and response to issues related to pest prevention, control, and infestation at the West Memphis Distribution Center; and involvement in the Recall.

## RESPONSE TO INTERROGATORY NO. 3.

Defendants refer to and incorporate by reference Objections to the Instructions, the Rules of Construction, and the Definitions of "Family Dollar," "Pest," "Infestation," and "Defendants" as though fully set forth in this Response.  Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case, including, for example, with respect to the time period and by seeking information regarding all "Policies and procedures applicable to the West Memphis Distribution Center" and "Family Dollar stores throughout the United States from January 1, 2015 to the present."  Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous, particularly in

its ask for information regarding "transaction," "consumer data," "the adequacy of those policies and procedures," and "Defendants' management, oversight, or responsibility" of the West Memphis Distribution Center, without regard for the type of responsibilities or oversight. Defendants object to this Interrogatory on the grounds that it is compound, as it contains multiple discrete subparts and introduces separate and distinct lines of inquiry that are not logically and factually subsumed within, and necessarily related to, the primary question.  Defendants also object to this Interrogatory to the extent it assumes the existence of "infestation and contamination at the West Memphis Distribution Center from January 1, 2017 to the present."  Defendants further object to this Interrogatory to the extent it is premature in light of the fact that Defendants' investigation of the claims and defenses in this case is ongoing.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants are willing to meet and confer with Plaintiffs' counsel to understand what information Plaintiffs seek and what can reasonably be provided in response to this Interrogatory.  Defendants' investigation of the claims and defenses in this case is ongoing, and at this time, they do not have sufficient information to identify the "three individuals most knowledgeable about each of" the broad categories of information identified in this Interrogatory.

**INTERROGATORY NO. 4.**

Identify any employee complaints made concerning the West Memphis Distribution Center and (a) cleaning, sanitization, or maintenance of the facility, any equipment within the facility, or the grounds surrounding the facility; (b) quality control operations and corrective action; (c) pest prevention or control, including extermination and/or fumigation, screening and other protections against pests; (d) refuse handling, storage, and disposal; and (e) inventory or product damage, contamination, or disposal; or (f) understaffing or staffing levels.  For each complaint, please specify the individual complaining, the date of the complaint, the substance of the complaint, the employee(s) to whom the complaint was made or distributed; and any actions or responses to complaint.

11

**RESPONSE TO INTERROGATORY NO. 4.**

Defendants refer to and incorporate by reference Objections to the Instructions, the Rules of Construction, and the Definitions of "Complaint," "Pest" and 'Employee" as though fully set forth in this Response.  Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect to the time period and by seeking the identification of "any employee complaints made concerning the West Memphis Distribution Center."  Defendants also object to this Interrogatory as vague and ambiguous, particularly in its use of the phrase "complaints."  Defendants object to (a) as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect to time period and by seeking "any employee complaints" regarding "cleaning, sanitization, or maintenance of the facility, any equipment within the facility, or the grounds surrounding the facility."  By way of example only, this could include an employee reporting that a toilet in a bathroom at the distribution center is clogged.  Defendants object to (b) as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect to time period and by seeking "any employee complaints" regarding "quality control operations and corrective action."  By way of example only, this could include an employee written up by his or her boss for being tardy.  Defendants object to (c) as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect to time period and by seeking "any employee complaints" regarding "pest prevention or control, including extermination and/or fumigation, screening and other protections against pests," to the extent it seeks information regarding any pests aside from rodents.  Defendants object to (d) as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect to time period and by seeking "any employee complaints" regarding "refuse handling, storage, and disposal."  By way of example only, this could include an employee complaint about the disposal of leftovers kept in the refrigerator in the employee breakroom.  Defendants object to (e) as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect to time period and by seeking "any employee complaints" regarding "inventory or product damage,

contamination, or disposal." By way of example only, this could include an employee complaint that a shipment received from a third-party vendor was damaged during transport. Defendants object to (f) as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect to time period and by seeking "any employee complaints" regarding "understaffing or staffing levels." By way of example only, this would include an isolated complaint that there was insufficient staffing for the unloading or loading of trucks and shipments to and from the facility. Because employees may raise complaints with Family Dollar orally and through various avenues, including directly with members of management, HR, Legal, and various employee hotlines, responding to this Interrogatory would require the collection and review of all employee complaints to identify those relevant to the broad categories identified by this Interrogatory as well as witness interviews of potentially dozens of individuals. Defendants also object to this Interrogatory to the extent that it is duplicative of Plaintiffs' Requests for Production. Defendants further object to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to this Interrogatory to the extent it calls for information protected from disclosure by a right of privacy, including the production of employee records. Defendants object to this Interrogatory on the grounds that it is compound, as it contains multiple discrete subparts and introduces separate and distinct lines of inquiry that are not logically and factually subsumed within, and necessarily related to, the primary question.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiffs' counsel to understand what information Plaintiffs seek and what can reasonably be provided in response to this Interrogatory.

**INTERROGATORY NO. 5.**

Identify any policies and procedures by name, internal reference number, and dates in effect that were applicable to the West Memphis Distribution Center or any of the affected Family Dollar stores concerning (a) cleaning, sanitization, or maintenance of the West Memphis

Distribution Center, any equipment within the facility, or the grounds surrounding the facility; (b) quality control operations and corrective action; (c) pest prevention or control, including extermination and/or fumigation, screening and other protections against pests; (d) handling consumer, employee, or store complaints related to cleaning, sanitization, maintenance, or pest prevention or control; (e) refuse handling, storage, and disposal; and (f) inventory or product damage, contamination, or disposal.  If Family Dollar does not have policies and procedures for any of these areas, please state that there are no policies or procedures.

**RESPONSE TO INTERROGATORY NO. 5.**

Defendants refer to and incorporate by reference Objections to the Instructions, the Rules of Construction, and the Definitions of "Complaint," "Family Dollar," "Employee," and "Pest" as though fully set forth in this Response.  Defendants object to this Interrogatory as it is overly broad and compound, seeking information on multiple topics.  Defendants object to this Interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case with respect to the time period and by seeking the identification of "any policies and procedures" relating to overbroad categories of information.   Defendants object to (a) as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect to time period and by seeking any policies or procedures regarding "cleaning, sanitization, or maintenance of the facility, any equipment within the facility, or the grounds surrounding the facility."  By way of example only, this could include policies and procedures governing routine cleaning of restrooms at the facility and hundreds of disparate retail locations, as well as policies and procedures for the maintenance of computer and printing equipment.  Defendants object to (b) as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect to time period and by seeking any policies or procedures regarding "quality control operations and corrective action."  By way of example only, this could include policies and procedures regarding corrective action procedures for addressing employee absenteeism.  Defendants object to (c) as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect to time period and by seeking any policies or procedures regarding "pest prevention or

control, including extermination and/or fumigation, screening and other protections against pests,"
to the extent it seeks information regarding any pests aside from rodents.  Defendants object to (d)
as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with
respect to time period and by seeking any policies or procedures regarding "refuse handling,
storage, and disposal."  By way of example only, this would include policies and procedures for
emptying trash cans at the close of business at retail locations.  Defendants object to (e) as overly
broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect
to time period and by seeking policies or procedures regarding "inventory or product damage,
contamination, or disposal."  By way of example only, this could include policies and procedures
for addressing product damage in shipments received by retail locations direct from third-party
vendors.   Defendants object to (f) as overly broad, unduly burdensome, irrelevant, and
disproportionate to the needs of the case with respect to time period and by seeking any policies
and procedures regarding "understaffing or staffing levels."  By way of example only, this would
include policies and procedures for the staffing of cashiers and seasonal employees at retail
locations during busy holiday seasons.  Defendants further object to this Interrogatory as overly
broad, unduly burdensome, and disproportionate to the needs of the case to the extent that "policies
and procedures" are controlled by local Retail Locations.  Under the current formulation, this
Interrogatory would require Defendants to identify "all policies and procedures" as to over 400
Retail Locations.  Defendants object to this Interrogatory as vague and ambiguous, particularly in
its use of the phrase "quality control operations and corrective action."  Defendants also object to
this Interrogatory to the extent that it is duplicative of Plaintiffs' Requests for Production.

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ P.
33(d), Defendants refer Plaintiffs to Defendants' Response to Plaintiffs' Request for Production
No. 13 and documents produced in response to that Request.  Defendants are willing to meet and
confer with Plaintiffs' counsel to understand what information Plaintiffs seek and what additional
information can reasonably be provided in response to this Interrogatory.

## INTERROGATORY NO. 6.

Describe in detail the manner in which Family Dollar first became aware of a pest infestation at the West Memphis Distribution Center; the date on which Family Dollar first became aware of a pest infestation at the West Memphis Distribution Center; and any actions taken by Family Dollar to investigate, remediate, mitigate, assess, analyze, or otherwise respond or react to the pest infestation at the West Memphis Distribution Center.  If Family Dollar contends that there was not a pest infestation at the West Memphis Distribution Center, please state the factual basis for this position.

## RESPONSE TO INTERROGATORY NO. 6.

Defendants refer to and incorporate by reference Objections to the Instructions, the Rules of Construction, and the Definitions of "Family Dollar," "Pest" and "Infestation" as though fully set forth in this Response.  Defendants object to this Interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case with respect to the time period and by seeking information regarding "any actions taken by Family Dollar."  Defendants further object to this Interrogatory as vague and ambiguous, particularly in its use of the phrases "in detail," "first became aware," "pest infestation," and "investigate, remediate, mitigate, assess, analyze, or otherwise respond or react to the pest infestation."  Defendants object to this Interrogatory on the grounds that it is premature as Defendants' investigation is still ongoing.  Defendants further object to this Request to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or any other applicable privilege, immunity, or protection.  Defendants also object to this Interrogatory on the grounds that it is compound, as it contains multiple discrete subparts and introduces separate and distinct lines of inquiry that are not logically and factually subsumed within, and necessarily related to, the primary question.

Pursuant to the parties' protective order (Dkt. 58), Defendants designate their response to Interrogatory No. 6 as confidential.  Subject to and without waiving the foregoing objections, Defendants respond as follows: At all times relevant to this lawsuit, Family Dollar has worked

**CONFIDENTIAL**

with experienced, nationally recognized companies to monitor and control the presence of pests at the West Memphis Distribution Center.

While it would not be practicable to identify all steps taken by the company to monitor and control for the presence of pests at the West Memphis Distribution Center, such efforts include by way of example, performing preventative maintenance to identify and seal potential rodent entry points, training on identifying indications of rodent presence, cleaning and sanitizing areas with suspected rodent activity, and inspecting inbound and outbound product loads for any evidence of rodents.

Following a series of inspections in March and April 2021, the Arkansas Department of Health reported finding "significant rodent activity in human and pet food aisles" in the West Memphis Distribution Center and concluded that "[e]ffective measures are not being taken to exclude vermin or pests from the warehouse areas and protect against the contamination of food on the premises." The pest control logs maintained by Rentokil, the West Memphis Distribution Center's pest control provider, also reported an increase in the number of mice catches during routine service visits during this time period. Aside from sporadic and isolated incidents, the presence of rats in the facility in limited numbers was reflected in the pest control logs beginning in approximately March 2021, with employees at the facility beginning to report increased rat activity in the summer or fall of 2021.

In May 2021, the West Memphis Distribution Center, in consultation with Rentokil, intensified its trapping methods and began weekly pest control update calls with Rentokil. The West Memphis Distribution Center also increased the frequency of pest control services at the facility and followed the recommendations provided by Rentokil regarding the use of plastic rodent baiters and snap traps. At various points, the West Memphis Distribution Facility sought and obtained recommendations from different pest control providers, each of which suggested that either fumigation or trapping would be effective to remediate the issue.

On November 11, 2021, Rentokil reported that the facility had "more of a population" of rats "than expected."

**CONFIDENTIAL**

In December 2021, the West Memphis Distribution Center switched pest control providers to Ecolab to provide daily service visits.

Ecolab fumigated the West Memphis Distribution Center in January 2022.   Since fumigation, Ecolab has been providing regular pest control services to the facility.   Defendants' investigation of the claims and defenses in this case remains ongoing, and Defendants reserve the right to supplement their response to this Interrogatory at a later date.

## INTERROGATORY NO. 7.

Identify all consumers who purchased products subject to the Recall from January 1, 2021 through present.

## RESPONSE TO INTERROGATORY NO. 7.

Defendants refer to and incorporate by reference Objections to the Instructions and the Rules of Construction as though fully set forth in this Response.   Defendants object to this Interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case, including, for example, by seeking the identification of "all consumers" without limitation to affected stores and regions.   By way of further example only, this Interrogatory would require Family Dollar to try to identify potentially tens of thousands of consumers.   Defendants also object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that detailed consumer-level purchase data is not readily available.   Defendants further object to this Interrogatory to the extent it is duplicative of Plaintiffs' Requests for Production.   Defendants also object to this Interrogatory to the extent it seeks information outside of Defendants' possession, custody, or control.   By way of example only, consumers may pay in cash and/or may not provide any personal information when making a purchase.   Defendants further object to this Interrogatory to the extent it calls for information protected from disclosure by a right of privacy and because it infringes on the privacy interests of third-party consumers for whom the Court has not yet granted and may not grant Plaintiffs the right to represent.

**CONFIDENTIAL**

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiffs to Defendants' Response to Plaintiffs' Request for Production Nos. 28 and 30 and documents produced in response to those Requests.

**INTERROGATORY NO. 8.**

Identify every list of Family Dollar's existing, potential, or targeted consumers in Alabama, Arkansas, Louisiana, Mississippi, Missouri, and Tennessee with whom Family Dollar has communicated or attempted to communicate for any reason through email, mail, telephone, voicemail drop, text, social media, mobile application, or any other form of electronic or physical communication. For each list, please describe the purpose and use of the list and any consumer data available in that list (e.g. name, address, phone number, email address, mobile application usage, etc.).

**RESPONSE TO INTERROGATORY NO. 8.**

Defendants refer to and incorporate by reference Objections to the Instructions, the Rules of Construction, and the Definitions of "Communication" and "Family Dollar" as though fully set forth in this Response. Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case with respect to the time period and by seeking, for example, the identification of communications "for any reason," asking for "any consumer data," and asking for the identity of "every list of Family Dollar's existing potential, or targeted consumers," and including consumers purchasing products from stores unaffected by the Recall. Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, particularly in its use of the phrases, "existing, potential, or targeted consumers" and "attempted to communicate for any reason." Defendants object to this Interrogatory to the extent it calls for information protected from disclosure by a right of privacy and because it infringes on the privacy interests of third-party consumers for whom the Court has not yet granted and may not grant Plaintiffs the right to represent. Defendants also object to this Interrogatory on the grounds that it purports to call for information that is not relevant to any party's claims or

19

defenses, and/or of such marginal relevance that its probative value is substantially outweighed by
the burden imposed on Defendants to respond to it.

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P.
33(d), Defendants refer Plaintiffs to Defendants' Response to Plaintiffs' Request for Production
Nos. 26, 27, and 29 and documents produced in response to those Requests.

**INTERROGATORY NO. 9.**

Identify all products, including those not subject to the Recall, sold at the Affected Family
Dollar Stores from January 1, 2020 through February 18, 2022 by name, identification or SKU
number, and any other information maintained.  For each, list the store at which the product was
sold, the price of the product, the date on which the product was sold, and any available consumer
information from the purchase.

**RESPONSE TO INTERROGATORY NO. 9.**

Defendants refer to and incorporate by reference Objections to the Instructions and the
Rules of Construction as though fully set forth in this Response.  Defendants object to this
Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to
the needs of the case, including, for example, with respect to the time period and by seeking the
identification of "all products, including those not subject to the Recall," "any other information
maintained," "the date on which the product was sold," and "any available consumer information
from the purchase."  Defendants further object to this Request to the extent it calls for the
production of information protected from disclosure by a right of privacy or as to which
Defendants owe a duty of confidentiality or nondisclosure to a third party, absent permission from
the producing third party or a court order.  This includes Plaintiffs' request for "any available
consumer information from the purchase," to the extent it purports to request highly confidential
consumer financial information, including, for example, credit or debit card numbers.  Disclosure
of such information creates a completely unnecessary and unacceptable risk to consumers while
providing no legitimate evidentiary value to this litigation.  Defendants further object to this
Interrogatory on the grounds that it is vague and ambiguous, particularly in its use of the phrases,

"any other information maintained" and "any available consumer information."  Defendants object
to this Interrogatory to the extent that it is duplicative of Plaintiffs' Requests for Production.

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P.
33(d), Defendants refer Plaintiffs to Defendants' Response to Plaintiffs' Request for Production
No. 23 and documents produced in response to that Request.

## INTERROGATORY NO. 10.

Describe in detail how the Affected Family Dollar Stores record, collect, store, manage,
maintain, and use consumer contact information or other identifying information, consumer
purchase histories, and transaction or other point-of-sale data.  This Interrogatory seeks the name
of the system(s) or software(s) used; the name of the manufacturer(s) of the system(s) or
software(s); the dates during which the system(s) or software(s) were in use; the name and location
of the database where such information or data is stored; the data fields included; the consumer
information included; how Family Dollar records, collects, and stores consumer purchase
information made by debit card, credit card, cash, check, money order, Apple Pay, or using federal
or state benefits, including the Supplemental Nutrition Assistance Program (or "SNAP"),
Temporary Assistance for Needy Families (or "TANF"), Families First, Women, Infant and
Children (or "WIC"), Summer Food Service Program (or "SFSP"), Child and Adult Care Food
Program (or "CACFP"), Medicaid, Medicare, or any other purchase made via an Electronic
Benefit Transfer (or "EBT") card or Medicaid or Medicare Over the Counter (or "OTC") benefits
card; and whether Family Dollar records and maintains a consumer's Smart Coupons mobile
application, phone number, or other rewards identification number at point-of-sale.

## RESPONSE TO INTERROGATORY NO. 10.

Defendants refer to and incorporate by reference Objections to the Instructions, the Rules
of Construction, and the Definition of "Family Dollar" as though fully set forth in this Response.
Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome,
irrelevant, and disproportionate to the needs of the case with respect to the time period and by
seeking the processes by which "the Affected Family Dollar Stores record, collect, store, manage,

maintain, and use consumer contact information or other identifying information, consumer purchase histories, and transactions or other point-of-sale data."  Any use of information concerning "how" Defendants "use consumer data" has no relevance to the claims or defenses of any party to this litigation.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous in its use of the phrase "use consumer contact information or other identifying information."  Defendants further object to this Interrogatory as unduly burdensome, for example, with respect to its request to identify "the name of the manufacturer(s) of the system(s) or software(s); the dates during which the system(s) or software(s) were in use; the name and location of the database where such information or data is stored."  Defendants further object to this Interrogatory on the grounds that it is compound, as it contains multiple discrete subparts and introduces separate and distinct lines of inquiry that are not logically and factually subsumed within, and necessarily related to, the primary question.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiffs' counsel to understand what information Plaintiffs seek and what can reasonably be provided in response to this Interrogatory.

**INTERROGATORY NO. 11.**

For each product sold at any of the Affected Family Dollar Stores from January 1, 2020 through February 18, 2022, provide the (a) product name; (b) identification number or SKU; (c) the volume of each product sold; (d) the price of the product; and (e) whether Family Dollar asserts that the product is subject to the Recall.

**RESPONSE TO INTERROGATORY NO. 11.**

Defendants refer to and incorporate by reference Objections to the Instructions, the Rules of Construction, and the Definition of "Family Dollar" as though fully set forth in this Response. Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case by seeking information about "each product sold at any of the Affected Dollar Stores from January 1, 2020 through February 18, 2022."  Defendants

further object to this Interrogatory to the extent it is duplicative of Plaintiffs' Requests for Production and Plaintiffs' Interrogatory No. 9.

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiffs to Defendants' Response to Plaintiffs' Request for Production Nos. 18, 22, and 23 and documents produced in response to those Requests.

**INTERROGATORY NO. 12.**

Describe in detail the means by which Family Dollar or consumers could determine which products sold by the Affected Family Dollar Stores from January 1, 2020 through February 18, 2022 were shipped from the West Memphis Distribution Center. Please identify any data, database, or information used in this determination and the Family Dollar employees capable of making this determination. If Family Dollar or its consumers cannot make this determination, please so state.

**RESPONSE TO INTERROGATORY NO. 12.**

Defendants refer to and incorporate by reference Objections to the Instructions, the Rules of Construction, and the Definitions of "Employee" and "Family Dollar" as though fully set forth in this Response. Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case with respect to the time period and by seeking "any data, database, or information used in this determination." Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous, particularly in its use of the phrase "Family Dollar employees capable of making this determination." Defendants object to this Interrogatory to the extent it calls for information protected from disclosure by a right of privacy, including the production of employee records.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Family Dollar uses the Catalyst system to track products shipped from the West Memphis Distribution Center to retail store locations. The stores and product types covered by the Recall were identified as part of the Company's recall notice.

**INTERROGATORY NO. 13.**

Identify any analyses, assessments, estimates, calculations, or other efforts by Family Dollar to determine the volume of products included in the Recall, the percentage of products sold at the Affected Family Dollar Stores included in the Recall, which products, by SKU number, were included in the Recall, the identity of the consumers who purchased products included in the Recall, or the fiscal impact of the Recall.

**RESPONSE TO INTERROGATORY NO. 13.**

Defendants refer to and incorporate by reference Objections to the Instructions, the Rules of Construction, and the Definition of "Family Dollar" as though fully set forth in this Response. Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case by seeking the identification of "any analyses, assessments, estimates, calculations, or other efforts."   Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous, particularly in its use of the phrases "or other efforts by Family Dollar to determine the volume of products included in the Recall" and "fiscal impact."  Defendants object to this Interrogatory to the extent that it calls for information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiffs to Defendants' Response to Plaintiffs' Request for Production No. 30 and documents produced in response to that Request.  Defendants' investigation remains ongoing, and they reserve the right to supplement their response to this Interrogatory at a later date.  Defendants further offer to meet and confer with Plaintiffs to reach a mutually agreeable resolution to the foregoing objections to the extent Plaintiffs' believe the document production is not sufficient.

**INTERROGATORY NO. 14.**

Identify any consumer reward identification numbers or programs, mobile application, or other mailing or email list of Family Dollar potential or existing consumers in Alabama, Arkansas, Louisiana, Mississippi, Missouri, and Tennessee.

**RESPONSE TO INTERROGATORY NO. 14.**

Defendants refer to and incorporate by reference Objections to the Instructions, the Rules of Construction, and the Definition of "Family Dollar" as though fully set forth in this Response. Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case with respect to the time period and by seeking the identity of "any consumer reward identification numbers or programs, mobile applications, or other mailing list of Family Dollar potential or existing consumers." Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous, particularly in its use of the phrases "mobile application" and "potential or existing consumers." Defendants object to this Interrogatory to the extent it calls for information protected from disclosure by a right of privacy. Defendants also object to this Interrogatory to the extent it is duplicative of Plaintiffs' Requests for Production.

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiffs to Defendants' Response to Plaintiffs' Request for Production No. 27 and documents produced in response to that Request.

**INTERROGATORY NO. 15.**

Identify all consumers by name, address, email address, phone number, and any other information available who returned products pursuant to the Recall; contacted Family Dollar concerning the Recall by phone, email, mail, fax, mobile application, text, web-based chat, or other means; or were contacted by Family Dollar to give notice of the Recall.

**RESPONSE TO INTERROGATORY NO. 15.**

Defendants refer to and incorporate by reference Objections to the Instructions, the Rules of Construction, and the Definition of "Family Dollar" as though fully set forth in this Response.

25

Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case by seeking the identification of "all consumers by name, address, email address, phone number, and any other information available."  Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous, particularly in its use of the phrase "mobile application, text, web-based chat, or other means."  Defendants object to this Interrogatory to the extent it calls for information protected from disclosure by a right of privacy.

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), Defendants refer Plaintiffs to Defendants' Response to Plaintiffs' Request for Production Nos. 33 and 34 and documents produced in response to those Requests.

Dated:  September 19, 2022                      Respectfully submitted,

By: /s/ Christopher Chorba                        
     Christopher Chorba
     GIBSON, DUNN & CRUTCHER LLP
     333 South Grand Avenue
     Los Angeles, CA 90071
     Telephone: 213-229-7000
     Facsimile: 213-229-7520
     cchorba@gibsondunn.com

     Jason R. Meltzer
     Jesenka Mrdjenovic
     GIBSON, DUNN & CRUTCHER LLP
     1050 Connecticut Avenue, N.W.
     Washington, D.C. 20036
     Telephone: 202-955-8500
     Facsimile: 202-467-0539
     jmeltzer@gibsondunn.com
     jmrdjenovic@gibsondunn.com

     *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2022, a copy of the foregoing document was served on the following counsel of record via email:

Sarah Sterling Aldridge
Barrett Law Group, P.A.
404 Court Square North
Lexington, MS 39095
Tel: (662) 834-2488
saldridge@barrettlawgroup.com

J. Gerard Stranch, IV
Branstetter, Stranch & Jennings, PLLC
The Freedom Center
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 27203
Tel: (615) 254-8801
gerards@bsjfirm.com

*Co-Lead Counsel for Plaintiffs*

Charles Barrett
Neal & Harwell, PLC
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
Direct: (615) 238-3647
cbarrett@nealharwell.com

*Liaison Counsel for Plaintiffs*

Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave., NW, Ste 200
Washington, DC 20016
202-789-3960
charles@cuneolaw.com

Gary Klinger
Milberg Coleman Bryson Phillips Grossman PLLC
227 W. Monroe Street, Ste 2100
Chicago, IL 60606
847-208-4585
gklinger@milberg.com

Katrina Carroll
Lynch Carpenter LLP
111 W. Washington, Ste 1240
Chicago, IL 60602
312-750-1265
katrina@lcllp.com

James Streett
Streett Law Firm, P.A.
107 West Main
Russellville, AR 72801
479-968-2030
james@streettlaw.com

*Plaintiffs' Steering Committee*

*/s/ Christopher Chorba*
Christopher Chorba