EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| *In re Family Dollar Stores, Inc., Pest Infestation Litigation*<br><br>**This Document Relates To**:<br><br>**ALL CASES** | MDL No. 3032<br><br>Case No. 2:22-md-03032-SHL-TMP |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

# TABLE OF CONTENTS

Page

1.  DEFINITIONS.................................................................................................1
2.  RECITALS ....................................................................................................7
3.  SETTLEMENT CLASS CERTIFICATION................................................11
4.  SETTLEMENT CONSIDERATION ..........................................................12
5.  SUBMISSION OF SETTLEMENT AGREEMENT TO COURT FOR REVIEW AND APPROVAL ...........................................................................13
6.  RELEASES AND DISMISSAL OF ACTION.............................................15
7.  MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS.....18
8.  NOTICE AND SETTLEMENT ADMINISTRATION ...................................20
9.  OPT-OUTS ....................................................................................................23
10. OBJECTIONS.................................................................................................25
11. MODIFICATION OR TERMINATION OF SETTLEMENT AND RESERVATION OF RIGHTS.................................................................................27
12. CAFA NOTICE PURSUANT TO 28 U.S.C. § 1715 ....................................29
13. MISCELLANEOUS PROVISIONS...............................................................29

## EXHIBIT LIST

| | |
|---|---|
| **Exhibit A** | **Proposed Preliminary Approval Order** |
| **Exhibit B** | **Settlement Administration Protocol & Notice Plan** |
| **Exhibit C** | **Summary Notice** |
| **Exhibit D** | **Class Notice** |
| **Exhibit E** | **Claim Form** |
| **Exhibit F** | **List of Affected Family Dollar Stores (filed under seal)** |
| **Exhibit G** | **Proposed Final Approval Order** |
| **Exhibit H** | **Proposed Final Judgment** |
| **Exhibit I** | **Parties' Agreement Pursuant to Paragraph 11.5 of the Settlement Agreement (*in camera*)** |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release, including all attached Exhibits ("Settlement Agreement"), is made and entered into by, between, and among Sheena Bibbs, Tina Bishop, Beverly Gordon, Julian Graves, Martha Lacy, Taylor Lorimer, Sonya Mull, Vinnie Smith, Sandra Walker, and Jerome Whitney (together, "Settlement Class Representatives"), on behalf of themselves and the Settlement Class as defined below, and Defendants Family Dollar Stores of Tennessee, LLC; Family Dollar Stores of Arkansas, LLC; Family Dollar Stores of Alabama, LLC; Family Dollar Stores of Louisiana, LLC; Family Dollar Stores of Mississippi, LLC; Family Dollar Stores of Missouri, LLC; Family Dollar Services, LLC; Family Dollar, LLC (formerly Family Dollar, Inc.); Family Dollar Stores, LLC (formerly Family Dollar Stores, Inc.); Dollar Tree, Inc.; and Dollar Tree Stores, Inc. ("Defendants").  Settlement Class Representatives and Defendants (collectively, the "Parties") enter into this Settlement Agreement to enforce a full and final settlement and dismissal of all of the constituent actions in the centralized MDL before the Honorable Sheryl H. Lipman and captioned *In re Family Dollar, Inc., Pest Infestation Litigation*, MDL 3032, Case No. 22-md-3032-SHL-TMP (W.D. Tenn.).

1. **DEFINITIONS**

    1.1.    In addition to the terms defined elsewhere in the Settlement Agreement, the following terms used in this Settlement Agreement shall have the meanings specified below.

    1.2.    "Action" means the multi-district class action lawsuit entitled *In re Family Dollar, Inc., Pest Infestation Litigation*, MDL 3032, Case No. 22-md-3032-SHL-TMP (W.D. Tenn.), and all constituent actions that comprise the MDL (which are listed in Appendix A).  The Action shall include any and all additional federal actions that have been or may be filed, related to, and/or consolidated into the MDL.

    1.3.    "Affected Family Dollar Store" means a Family Dollar store in Arkansas, Alabama, Louisiana, Mississippi, Missouri, and Tennessee that was serviced by Family Dollar Services, LLC's West Memphis Distribution Center from January 1, 2020, through February 18, 2022.  Exhibit F (filed under seal) identifies the Affected Family Dollar Stores.

1.4.   "Approved Claims" means those claims that are approved by the Settlement Administrator to receive a Family Dollar Gift Card.

1.5.   "Attorneys' Fees and Expenses Award" means such funds as may be awarded by the Court to compensate Class Counsel for their reasonable fees, costs, and expenses in connection with the Action and the Settlement, as described in Paragraph 7.

1.6.   "Claim Form" means the proof of claim and release form(s) substantially in the form attached as Exhibit E.

1.7.   "Claims Submission Deadline" means the date by which Claim Forms must be postmarked or electronically submitted to be considered timely.  The Claims Submission Deadline shall be thirty (30) days after the Notice Date.

1.8.   "Class Counsel" means J. Gerard Stranch, IV and Sarah Sterling Aldridge, the attorneys appointed by the Court as Plaintiffs' Co-Lead Counsel in the Action (Dkt. 45), and Charles LaDuca, an attorney appointed by the Court to the Plaintiffs' Steering Committee (Dkt. 47).  Class Counsel have any and all authority and capacity necessary to execute this Settlement Agreement and bind all of the Settlement Class Representatives who have not personally signed this Settlement Agreement, as if each of those individuals had personally executed this Settlement Agreement.

1.9.   "Class Notice" means the Notice of Proposed Settlement of Class Action, substantially in the form attached as Exhibit D.

1.10.   "Court" means the United States District Court for the Western District of Tennessee (Western Division), and the Judge assigned to the Action, the Honorable Sheryl H. Lipman.

1.11.   "Defendants" means Family Dollar Stores of Tennessee, LLC; Family Dollar Stores of Arkansas, LLC; Family Dollar Stores of Alabama, LLC; Family Dollar Stores of Louisiana, LLC; Family Dollar Stores of Mississippi, LLC; Family Dollar Stores of Missouri, LLC; Family Dollar Services, LLC; Family Dollar, LLC (formerly Family Dollar, Inc.); Family Dollar Stores, LLC (formerly Family Dollar Stores, Inc.); Dollar Tree, Inc.; and Dollar Tree Stores,

Inc., as well as any of the aforementioned Defendants' current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individuals and entities acting on any Defendant's behalf.

1.12.    "Defense Counsel" means the law firm Gibson, Dunn & Crutcher LLP and all of Defendants' attorneys of record in the Action.

1.13.    "Effective Date" means seven (7) days after which both of the following events have occurred: (1) the Final Approval Order and Final Judgment have been entered; and (2) the Final Approval Order and Final Judgment have become Final.

1.14.    "Family Dollar Gift Card" means, for purposes of this Settlement Agreement, a gift card, usable at any Family Dollar store, distributed to Settlement Class Members who submit Approved Claims.  The value of each Family Dollar Gift Card shall be $25.  The Family Dollar Gift Cards:  (a) shall be limited to one per household; (b) may be used for the purchase of any item sold at Family Dollar stores, excluding only those purchases prohibited or restricted by state law (such as alcohol or tobacco); (c) shall be fully transferable; (d) can be used in conjunction with other promotions or discounts, including manufacturers' coupons and discounts (i.e., stackable); (e) shall have no expiration date; (f) do not require any separate purchase, or that the holder spend any of his/her own money to redeem; and (g) may be used in multiple transactions, to the extent any value remains on the Family Dollar Gift Card.

1.15.    "Final" means, with respect to any judicial ruling or order, that:  (1) if no appeal, motion for reconsideration, reargument and/or rehearing, or petition for writ of certiorari has been filed, the time has expired to file such an appeal, motion, and/or petition; or (2) if an appeal, motion for reconsideration, reargument and/or rehearing, or petition for a writ of certiorari has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any Service

Award(s) or application for an Attorneys' Fees and Expenses Award will not in any way delay or preclude the Final Approval Order or Final Judgment from becoming Final.

1.16. "Final Approval Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of: (a) determining whether the Settlement should be approved as fair, reasonable, and adequate; (b) entering a Final Approval Order and Final Judgment and dismissing the Action with prejudice; (c) ruling upon an application for a Service Award by the Settlement Class Representatives; (d) ruling upon an application by Class Counsel for an Attorneys' Fees and Expenses Award; and (e) entering any final order providing for an Attorneys' Fees and Expenses Award and Service Award. The Parties shall request that the Court schedule the Final Approval Hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d).

1.17. "Final Approval Motion Deadline" means the date by which Class Counsel shall file the motion seeking final approval of the Settlement. The Final Approval Motion Deadline shall be ninety (90) days after the Notice Date, such date being subject to approval or modification by the Court.

1.18. "Final Approval Order" means the order finally approving the terms of this Settlement Agreement, substantially in the form of Exhibit G.

1.19. "Final Judgment" means a judgment to be entered by the Court, pursuant to Federal Rule of Civil Procedure 58(a), dismissing the Action with prejudice, substantially in the form of Exhibit H.

1.20. "Household" means a single dwelling unit, no matter the number of natural persons residing therein.

1.21. "Notice Plan" means the plan for providing notice to the Settlement Class set forth in Exhibit B.

1.22. "Notice Date" means the first date upon which the Class Notice is disseminated.

1.23. "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to

the Settlement in accordance with Paragraph 10 of this Settlement Agreement in order to qualify them to be able to object to the Settlement.  The Objection Deadline shall be thirty (30) days after the Notice Date, such date being subject to approval or modification by the Court.

1.24.  "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request to Opt-Out must be submitted in writing to the Settlement Administrator in accordance with Paragraph 9 of this Settlement Agreement in order for a Person who falls within the definition of the Settlement Class to be excluded from the Settlement Class. The Opt-Out Deadline shall be thirty (30) days after the Notice Date, such date being subject to approval or modification by the Court.

1.25.  "Parties" means the Settlement Class Representatives and Defendants.

1.26.  "Person" or "Persons" includes individuals and entities.

1.27.  "Preliminary Approval Order" means the order preliminarily approving the Settlement, providing for notice to the Settlement Class, and other related matters, substantially in the form of Exhibit A.

1.28.  "Request to Opt-Out" means a written request from a Person that seeks to exclude the Person submitting the written request from the Settlement Class and complies with all requirements in Paragraph 9 of this Settlement Agreement.

1.29.  "Service Award(s)" means award for the Settlement Class Representatives, recognizing their contributions in the Action, that may be awarded by the Court, as set forth in Paragraph 7.4.

1.30.  "Settlement" means the settlement embodied in this Settlement Agreement, including all attached Exhibits (which are an integral part of this Settlement Agreement and are incorporated in their entirety by reference).

1.31.  "Settlement Administration Protocol" means the protocol for settlement and claims administration set forth in Exhibit B.

1.32.  "Settlement Administrator" means the qualified third-party selected by Defendants (with input and involvement of proposed Class Counsel) and approved by the Court in the

Preliminary Approval Order to provide settlement notice and administration services pursuant to the terms of the Settlement Agreement.  The Parties agree to recommend that the Court appoint the firm Angeion Group, LLC, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, as Settlement Administrator.

1.33.   "Settlement Class" includes all Persons who, from January 1, 2020, through February 18, 2022, inclusive, purchased any product from an Affected Family Dollar Store. Excluded from the Settlement Class are (i) Defendants; (ii) Defendants' agents, parents, officers, predecessors, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliates of Defendants; (iii) Class Counsel and any other attorneys who represent Settlement Class Representatives or the Settlement Class in this Action, as well as their agents and employees; (iv) the judicial officers and court staff assigned to this case, as well as their immediate family members; and (v) Persons who timely request to be excluded from this Settlement as provided in Paragraph 9.

1.34.   "Settlement Class Member(s)" means any and all Persons who fall within the definition of the Settlement Class and who have not timely opted out of the Settlement Class pursuant to the procedures set forth in Paragraph 9.

1.35.   "Settlement Class Representatives" means Sheena Bibbs, Tina Bishop, Beverly Gordon, Julian Graves, Martha Lacy, Taylor Lorimer, Sonya Mull, Vinnie Smith, Sandra Walker, and Jerome Whitney.

1.36.   "Settlement Website" means an ADA compliant internet website that the Settlement Administrator shall establish to provide Settlement Class Members with (1) generalized information about the Settlement, its scope, its remedies with a clickable table of contents; answers to frequently asked questions; a contact information page that includes the address for the Claim Administrator and addresses and telephone numbers for Class Counsel; (2) deadlines for opting out of or objecting to the Settlement, and the dates of relevant Court proceedings, including the Final Approval Hearing; (3) a downloadable and online version of the form by which Settlement Class Members may exclude themselves from the Settlement Class; (4) information on making a

claim and a downloadable and online version of the Claim Form; and (5) relevant legal documents like this Settlement, the Amended Consolidated Class Action Complaint, the signed order of Preliminary Approval, notices, and (when it becomes available) Plaintiffs' application for an Attorneys' Fees and Expenses Award and/or an application for Service Awards. The website is to remain active until the later of: (a) sixty (60) days after all Family Dollar Gift Cards are distributed, or (b) sixty (60) days after the Effective Date. The URL of the Settlement Website shall be provided in the Notice Plan.

1.37. "Summary Notice" means the Summary Notice of Settlement, substantially in the form attached as Exhibit C.

1.38. "West Memphis Distribution Center" means the facility located at 1800 Family Dollar Parkway in West Memphis, Arkansas.

## 2.   RECITALS

2.1. WHEREAS, between February 2022 and June 2022, multiple class action complaints were filed against Defendants in the United States District Courts for the Western District of Tennessee, the Southern District of Alabama, the Eastern District of Arkansas, the Western District of Louisiana, the Southern District of Mississippi, the Western District of Missouri, and the Eastern District of Virginia, as well as in the Circuit Court of Pope County, Arkansas (and subsequently removed to the Eastern District of Arkansas). Defendants have maintained that the Dollar Tree entities included in the complaints should never have been parties to this action. Beginning on June 2, 2022, these actions were centralized by the JPML in the Western District of Tennessee pursuant to 28 U.S.C. § 1407, and subsequently consolidated, under the MDL caption *In re Family Dollar Stores, Inc., Pest Infestation Litigation*, No. 2:22-md-03032-SHL-TMP (Dkt. 1).

2.2. WHEREAS, after their appointment, Settlement Class Representatives filed a Consolidated Complaint in the MDL on August 12, 2022 (Dkt. 54). The Consolidated Complaint contained allegations concerning the presence of rodents in Defendants' West Memphis Distribution Center. The Consolidated Complaint further alleged that the Affected Family Dollar

Stores lacked proper pest control and exhibited unsanitary conditions.  The Consolidated Complaint asserted that, as a result of these issues, the Settlement Class Representatives and the putative class suffered economic damages and personal injury.  The Consolidated Complaint brought claims against Defendants for negligence, negligence *per se*, negligent failure to warn, breach of implied warranty, unjust enrichment, fraudulent concealment and failure to disclose, violation of the Alabama Deceptive Trade Practices Act (Ala. Code § 8-19-1, et seq.), violation of the Arkansas Deceptive Trade Practice Act (Ark. Code Ann. § 4-88-101, et seq.), theft by deception (Ark. Code Ann. § 16-118-107), violation of the Louisiana Unfair Trade Practices and Consumer Protection Law (La. Rev. Stat. § 51:1401, et seq.), redhibition (La. Civ. Code Ann. Art. 2520), violation of the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1, et seq.), violation of the Missouri Merchandising Practices Act (Mo. Rev. Stat. § 407.101, et seq.), violation of the Tennessee Consumer Protection Act (Tenn. Code Ann. § 47-18-101, et seq.), and declaratory and injunctive relief.

2.3.    WHEREAS, on September 26, 2022, Defendants filed a Motion to Dismiss Plaintiffs' Consolidated Complaint (Dkt. 77).

2.4.    WHEREAS, Class Counsel filed an Amended Consolidated Complaint on October 17, 2022 (Dkt. 82) containing additional exhibits and allegations.

2.5.    WHEREAS, on October 20, 2022, Defendants filed a Motion to Dismiss Plaintiffs' Amended Consolidated Complaint (Dkt. 89).

2.6.     WHEREAS, on December 20, 2022, a hearing took place on the Defendants Motion to Dismiss Plaintiffs' Amended Consolidated Complaint.  A ruling on the motion remained pending as of the date the Parties notified the Court of this Settlement.

2.7.    WHEREAS, on November 9, 2022, the Parties engaged in a mediation session, overseen by experienced and impartial mediator, Randall W. Wulff of Wulff Quinby Sochynsky. The Parties did not reach an agreement as a result of this mediation, and instead agreed to revisit settlement discussions at a later date.

2.8.    WHEREAS, Plaintiffs' counsel conducted an extensive investigation of the facts and circumstances related to the allegations in the Action,  including but not limited to hiring and consulting with experts, interviewing potential witnesses, reviewing documents produced by numerous third parties and ascertained through FOIA requests.

2.9.    WHEREAS, the Parties engaged in extensive discovery.  Class Counsel served 18 interrogatories, 58 requests for admission, and 46 document requests on each Defendant, and Defendants responded to the written discovery and produced more than 24,000 pages of documents.  Defendants also served 48 document requests upon Settlement Class Representatives which resulted in a combined total of more than 6,000 pages of documents produced.  Defendants also deposed seven Settlement Class Representatives.  In January 2023, Plaintiffs disclosed four experts and in February 2023, Defendants disclosed six experts.   The Parties additionally participated in numerous regular monthly status conferences before the Court.

2.10.    WHEREAS, on April 5, 2023, Defendants filed a Motion to Dismiss Certain Named Plaintiffs and All Claims Brought on Behalf of the Putative Classes from Alabama and Louisiana (Dkt. 136), which is pending.

2.11.    WHEREAS, concurrently with the filing of this Settlement Agreement, Class Counsel will seek to dismiss named plaintiffs Dondrea Brown, Muriel Vanessa Brown, Reginald Fields, Sonya Fields, and Christine Robinson, and substitute Beverly Gordon and Sandra Walker to serve as Settlement Class Representatives.  With these substitutions, there will be Settlement Class Representatives from each state with an Affected Family Dollar Store.

2.12.    WHEREAS, on April 18, 2023, the Parties engaged in a second mediation session, overseen by experienced and impartial mediator, the Honorable Janice M. Holder (Ret.) of the Tennessee Academy of Mediators & Arbitrators.  Justice Holder is the former Chief Justice of the Tennessee Supreme Court.  As a result of this second mediation, the Parties reached a Settlement, the details of which are set forth in this Settlement Agreement.  The Parties intend that this Settlement completely resolve any and all claims that were, or could have been, asserted in the Action.

2.13.   WHEREAS, Defendants vigorously dispute the claims alleged in the Action and are entering into this Settlement to avoid burdensome and costly litigation.  The Settlement is not an admission of wrongdoing, fault, liability, or damage of any kind.   Among other things, Defendants dispute that the Settlement Class Representatives' claims have merit, that the Settlement Class Representatives would be able to certify any class in this Action for litigation purposes, and that Settlement Class Representatives and the putative class would be entitled to any relief.  Without admitting any of the allegations made in the Action or any liability whatsoever, Defendants are willing to enter into this Settlement solely in order to eliminate the burdens, distractions, expense, and uncertainty of protracted litigation and in order to obtain the releases and final judgment contemplated by this Settlement.

2.14.   WHEREAS, Family Dollar has worked closely with the United States Food and Drug Administration to implement extensive remedial actions to prevent issues like those alleged to have occurred at the West Memphis Distribution Center from occurring in the future. These corrective actions include, for example:  (a) the retention of a number of third-party consultants with expertise in food safety and regulatory compliance; (b) the implementation of more than sixty Standard Operating Procedures and associated documents addressing topics including (among others) integrated pest management, sanitation, employee training, food safety, and preventative maintenance; (c) the creation of a large food safety department; (d) the significant enhancement of compliance systems and processes throughout the organization; (e) enhanced employee training, including (among others) improved training materials, affirmative training on Standard Operating Procedures, and regularly scheduled refresher trainings on these materials; (f) the restructuring of departments, including those at corporate headquarters, as well as at the distribution center level, to increase focus on food safety, regulatory compliance, accountability, and transparency; and (g) the hiring of new executive leadership and senior-level personnel with expertise in FDA compliance and distribution operations, including the hiring of a newly-created position of Director of Food Safety and Sanitation.

2.15.   WHEREAS, Class Counsel and Settlement Class Representatives believe that the claims asserted in the Action have merit and have examined and evaluated the benefits to be obtained under this Settlement, the time and expense that will be necessary to prosecute the Action to final judgment, the risks associated with the continued prosecution of this potentially time-consuming litigation, and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable and in the best interests of the Settlement Class.

2.16.   WHEREAS, this Settlement expressly excludes and does not release any claims made by the Arkansas Attorney General in *State of Arkansas, ex rel. Leslie Rutledge, Attorney General v. Family Dollar Stores, Inc.; Dollar Tree, Inc.; Family Dollar Services, LLC; and Family Dollar Stores of Arkansas, LLC*, Case No. 60CV-22-2725, Circuit Court of Pulaski County, Arkansas, Civil Division.  However, Defendants reserve all rights to raise any and all defenses to the claims raised in that case, including that monetary relief would be inappropriate given the relief provided to consumers through this Settlement.

2.17.   WHEREAS, the Parties desire to settle the Action in its entirety with respect to all potential claims arising out of the same or similar facts alleged in the complaints filed in this Action.  The Parties intend this Settlement Agreement to bind Defendants, the Settlement Class Representatives, and all other Settlement Class Members.

2.18.   NOW THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED, by the Settlement Class Representatives, for themselves and on behalf of the Settlement Class, and by Defendants that, subject to the approval of the Court, the Action shall be settled, compromised, and dismissed, on the merits and with prejudice, and the Released Claims shall be finally and fully compromised, settled, and dismissed as to the Released Parties, in the manner and upon the terms and conditions set forth in this Settlement Agreement.

**3.   SETTLEMENT CLASS CERTIFICATION**

3.1.   For purposes of settlement only, the Parties agree to seek provisional certification of the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3).

3.2.     The Parties further agree that the Court should make preliminary findings and enter the Preliminary Approval Order granting provisional certification of the Settlement Class subject to the final findings and approval in the Final Approval Order and Final Judgment, and appointing the Settlement Class Representatives as the representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class.

3.3.     Defendants' agreement to provisional certification, this Settlement Agreement, or the entry of the Preliminary Approval Order does not constitute an admission of wrongdoing, fault, liability, or damage of any kind, including with respect to the Settlement Class Representatives or any of the provisional Settlement Class Members.  Defendants deny the material factual allegations and legal claims asserted in the Action, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.   Similarly, this Settlement Agreement provides for no admission of wrongdoing or liability by any of the Released Parties.

3.4.     This Settlement is entered into solely to eliminate the uncertainties, burdens, and expenses of protracted litigation.  Defendants do not consent to certification of the Settlement Class (or to the propriety of class treatment) for any purpose other than to effectuate the settlement of this Action.  Defendants' agreement to this Settlement does not constitute an admission that certification is appropriate outside of the context of this Settlement.  Class Counsel shall not refer to or invoke Defendants' decision to accept the certification of a class for purposes of settlement if the Settlement is terminated or if Effective Date does not occur and the Action is later litigated and certification is contested by Defendants under Rule 23 of the Federal Rules of Civil Procedure. The Settlement Class Representatives agree that Defendants' agreement to provisional certification for settlement purposes does not waive any objection to the certification of any proposed class action for any other pre-trial or trial purposes.

4.     **SETTLEMENT CONSIDERATION**

4.1.     In consideration for the dismissal of the Action with prejudice and the Release provided in this Settlement Agreement, Defendants agree that Family Dollar Services, LLC will

offer Family Dollar Gift Cards pursuant to the terms of this Settlement Agreement, upon the Effective Date.

4.2.    For each Approved Claim, Family Dollar Services, LLC will provide one Family Dollar Gift Card.  Defendants shall not be required to provide more than one Family Dollar Gift Card per household containing a Settlement Class Member.  In the event separate Claim Forms are submitted by more than one Settlement Class Member residing in the same household, only the earliest-submitted Claim Form that meets all of the requirements under this Settlement shall be deemed an Approved Claim.

**5.      SUBMISSION OF SETTLEMENT AGREEMENT TO COURT FOR REVIEW AND APPROVAL**

5.1.    By June 16, 2023 (Dkt. 151), solely for purposes of implementing this Settlement Agreement, providing the Court with proposed notice materials, and effectuating the proposed Settlement, the Parties agree and stipulate that Class Counsel shall submit to the Court a motion for preliminary approval of the Settlement together with the Preliminary Approval Order substantially in the form of Exhibit A.  Class Counsel will share with Defendants a draft of the proposed motion for preliminary approval no later than seven (7) days before it is to be filed.  The Parties agree to promptly take all actions and steps reasonably necessary to obtain the Preliminary Approval Order from the Court and to fully implement and effectuate this Class Action Settlement.

5.2.    Until the Preliminary Approval Order is entered, Settlement Class Representatives and Class Counsel shall not pursue any litigation proceedings against the Released Parties; Defendants shall not pursue litigation proceedings against the Releasing Parties; and the Parties and their respective counsel shall not in any way subsequently argue that the Released Parties or Releasing Parties have failed to comply with their litigation obligations in any respect by reason of the Released Parties' or Releasing Parties' suspension of litigation efforts following the execution of this Settlement Agreement.  Upon entry of the Preliminary Approval Order, all proceedings in this Action pertaining to the Defendants, other than the proceedings necessary to

effectuate this Settlement Agreement, shall be stayed and suspended until further notice of the Court.

5.3.     Following the entry of the Preliminary Approval Order, the Class Notice shall be given and published in the manner set forth herein and the Notice Plan.  The Parties agree that the Notice Plan contemplated by this Settlement Agreement meets Rule 23 of the Federal Rules of Civil Procedure, is valid and effective, that if effectuated, it would provide reasonable notice to the Settlement Class, and that it represents the best practicable notice under the circumstances.

5.4.     By the Final Approval Motion Deadline, Class Counsel shall file a motion seeking final approval of the Settlement.  Class Counsel agree to share with Defendants drafts of the proposed motion seeking final approval of the Settlement no later than fourteen (14) days before it is to be filed.  Unless otherwise agreed by the Parties, Class Counsel shall request entry of a Final Approval Order and Final Judgment substantially in the form of Exhibits G and H.  The Final Approval Order and Final Judgment shall, among other things:

> 5.4.1   Find that the Court has personal jurisdiction over all Settlement Class Members, that the Court has subject matter jurisdiction over the claims asserted in the Action, and that the venue is proper;
>
> 5.4.2   Finally approve this Settlement Agreement and the Settlement as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure;
>
> 5.4.3   Certify the Settlement Class under Federal Rules of Civil Procedure 23(b)(3) and 23(e)(2) for purposes of settlement only;
>
> 5.4.4   Find that the Class Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;
>
> 5.4.5   Incorporate the Releases set forth in this Settlement Agreement and make the Releases effective as of the Effective Date;
>
> 5.4.6   Authorize the Parties to implement the terms of the Settlement;

5.4.7   Dismiss the Action with prejudice and enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

5.4.8   Determine that the Settlement Agreement and the Settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or nonliability or of the certifiability or non-certifiability of a litigation class, or of any misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement, as further set forth in this Settlement Agreement.

5.4.9   Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of this Settlement Agreement, the Final Approval Order and Final Judgment, any final order approving the Attorneys' Fees and Expenses Award and Service Awards, and for any other necessary purpose (including as described in Paragraph 13.25).

## 6.   RELEASES AND DISMISSAL OF ACTION

6.1.   "Releases" mean the releases and waivers set forth in this Settlement Agreement and in the Final Approval Order and Final Judgment.

6.2.   "Releasing Parties" means Settlement Class Representatives and Settlement Class Members, and each of their heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

6.3.    "Released Parties" means Defendants as well as all of Defendants' current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, affiliates, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individuals and entities acting on Defendants' behalf.

6.4.    Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order and Final Judgment in this Action shall have, fully, finally and forever released, relinquished, and discharged any and all claims, demands, rights, damages, arbitrations, liabilities, obligations, suits, debts, liens, and causes of action pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims as of the Notice Date by all of the Releasing Parties that result from, arise out of, are based on, or relate to the practices and claims that were or could have been alleged in the Action ("Released Claims") against the Released Parties.

6.5.    The Released Claims shall be construed as broadly as possible to effect complete finality over this Action involving claims that result from, arise out of, are based on, or relate to the practices and claims that were or could have been alleged in the Action.

6.6.    Persons who have opted out of the Settlement by the Opt-Out Deadline do not release their claims and will not obtain any benefits of the Settlement.

6.7.    After entering into this Settlement Agreement, Settlement Class Representatives and Settlement Class Members may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the claims released by this Settlement Agreement.  The Released Claims include known and unknown claims relating to the Action, and this Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.  Settlement Class Representatives and Settlement Class Members hereby expressly, knowingly, and voluntarily waive any and all provisions, rights, and

benefits conferred by any statute, rule, and legal doctrine similar, comparable, or equivalent to the following:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

6.8.    In connection with such waiver and relinquishment, Settlement Class Representatives and the Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, foreseen or unforeseen, that they have against the Released Parties.  Upon the Effective Date:  (a) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Representatives and Settlement Class Members; and (b) Settlement Class Representatives and the Settlement Class Members stipulate to be and shall be permanently barred and enjoined by court order from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

6.9.    Settlement Class Members expressly agree that this Release and the Final Approval Order, are, will be, and may be raised as a complete defense to, and will preclude, any action or proceeding specified in, or involving claims encompassed by, this Release.  Settlement Class Members shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or other proceeding against the Released Parties with respect to the claims, causes of action, and/or any other matters subject to this Release.  To the extent that they have initiated, or caused to be initiated, any suit, action, or proceeding not already encompassed by the Action, Settlement Class Members shall

promptly cause their claims in any such suit, action, or proceeding to be dismissed with prejudice. If a Settlement Class Member commences, files, initiates, or institutes any legal action or other proceeding for any Released Claim against any Released Party in any federal or state court, arbitral tribunal, or administrative or other forum, (1) such legal action or other proceeding shall be dismissed with prejudice and at that Settlement Class Member's cost; (2) any refusal or failure to immediately dismiss such claims shall provide a basis for that Released Party to seek an injunction, sanctions, or other appropriate relief; and (3) that Released Party shall be entitled to recover any and all reasonable related costs and expenses from that Settlement Class Member arising as a result of that Settlement Class Member's breach of their obligations under this Release.

6.10.   Class Counsel shall cooperate with the Released Parties to ensure that the release set forth in the Final Approval Order is given its full force and effect (including by seeking the inclusion of the releases in the Final Approval Order and Final Judgment) and to ensure that Releasing Parties comply with their obligations set forth in this Settlement Agreement.

## 7.   MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS

7.1.   Class Counsel may apply to the Court for an Attorneys' Fees and Expenses Award of up to $10,500,000 in attorneys' fees and  in expenses, which must be approved by the Court. Family Dollar Services, LLC agrees to pay the Attorneys' Fees and Expenses Award determined by the Court, within thirty (30) days of the Effective Date.

7.2.   The amount of the Attorneys' Fees and Expenses Award ordered by the Court shall be the sole monetary obligation for attorneys' fees and expenses to be paid by Defendants pursuant to this Settlement Agreement.  Settlement Class Representatives, Settlement Class Members, and Class Counsel expressly release the Defendants from any such payments for attorneys' fees and costs that otherwise may be due by operation of law or otherwise.

7.3.   Settlement Class Representatives, Class Counsel, and Settlement Class Members will not seek in excess of the sums specified in Paragraph 7.1, and in any event, they agree that Defendants shall not pay, nor be obligated to pay, any sum in excess of the cap amounts specified in Paragraph 7.1.  In furtherance of the agreements in Paragraph 7, in the event of any objections

to the Settlement or appeal from any order of the Court granting final approval or final judgment, Class Counsel agree that they will be responsible for responding to objectors and intervenors, and defending the Court's Final Approval Order and Final Judgment on appeal, if any, at their own cost.  Defendants reserve the right to respond to objectors and intervenors, and to join in the defense of the Final Approval Order and Final Judgment.  Any costs incurred by Class Counsel in such appeals, including costs incurred to settle any claims by objectors or intervenors, are the sole responsibility of Class Counsel.  No Person may seek to recover such costs from Defendants.

7.4.    The Parties agree that Class Counsel may apply to the Court on behalf of Sheena Bibbs, Tina Bishop, Julian Graves, Martha Lacy, Taylor Lorimer, Sonya Mull, Vinnie Smith, and Jerome Whitney for an order granting a Service Award to each of them not to exceed $5,000, and on behalf of Beverly Gordon and Sandra Walker for an order granting a Service Award to each of them not to exceed $2,000, for their services as Settlement Class Representatives, to be paid by Family Dollar Services, LLC.  The Parties agree that the decision whether or not to award any such payment, and the amount of that payment, rests in the exclusive discretion of the Court.

7.5.    The Settlement was reached as the result of a mediation conducted before Justice Holder.  The Parties did not discuss service award payments or attorneys' fees and expenses while negotiating the material terms of the Settlement Agreement, and they made no agreements in connection with Class Counsel's requests for service award payments for certain Settlement Class Representatives and Class Counsel's requests for attorneys' fees and expenses.

7.6.    In no event shall Defendants be required to pay any Attorneys' Fees and Expenses Award or any Service Award until the occurrence of the Effective Date, and the occurrence of one of the following: (1) if no appeal, motion for reconsideration, reargument and/or rehearing, or petition for writ of certiorari has been filed with respect to any judicial ruling or order regarding any Attorneys' Fees and Expenses Award or Service Award, the time has expired to file such an appeal, motion, and/or petition; or (2) if an appeal, motion for reconsideration, reargument and/or rehearing, or petition for a writ of certiorari has been filed with respect to any judicial ruling or order regarding any Attorneys' Fees and Expenses Award or Service Award, the judicial ruling or

order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review.

## 8.   NOTICE AND SETTLEMENT ADMINISTRATION

8.1.   In fulfilling its responsibilities in providing notice to the Settlement Class Members, the Settlement Administrator shall be responsible for, without limitation, consulting on and designing the notice to the Settlement Class, including implementing the notice program set forth in the Notice Plan.  In no event shall the Settlement Administrator disseminate notice in any manner materially different from that set forth in the Notice Plan, unless the Parties jointly agree in writing to authorize such forms of notice.

8.2.   An ADA compliant internet website will be maintained by the Settlement Administrator that will provide Settlement Class Members with:  (1) this Settlement, generalized information about the Settlement, its scope, its remedies with a clickable table of contents; answers to frequently asked questions; a contact information page that includes the address for the Claim Administrator and addresses and telephone numbers for Class Counsel; (2) deadlines for opting out of or objecting to the Settlement, and the dates of relevant Court proceedings, including the Final Approval Hearing; (3) a downloadable and online version of the form by which Settlement Class Members may exclude themselves from the Settlement Class; (4) information on making a claim and a downloadable and online version of the Claim Form; and (5) relevant legal documents like this Settlement, the Amended Complaint, the signed order of Preliminary Approval, notices, and (when it becomes available) Plaintiffs' application for Attorneys' Fees and Expenses and/or an application for Service Awards.  The website is to remain active until after the Effective Date and distribution of all settlement benefits.  The URL of the Settlement Website shall be provided in the Notice Plan.

8.3.   To facilitate the distribution of notice, within fourteen (14) days of the Court's entry of the Preliminary Approval Order, Defendants shall provide the Settlement Administrator with the e-mail addresses of those Family Dollar customers for whom Defendants have email addresses

and some objective indication that the customer lives in a trade area serviced by an Affected Family Dollar Store.  The Settlement Administrator shall keep these e-mail addresses confidential.

8.4.    Settlement Class Members who wish to receive a Family Dollar Gift Card will be required to submit a Claim Form.  The Claim Form shall, among other things, require the Settlement Class Member to (a) certify, under penalty of perjury, that from January 1, 2020, through February 18, 2022, inclusive, they personally purchased a product from an Affected Family Dollar Store; (b) provide some confirmation that the Settlement Class Member shopped at one of the Affected Family Dollar Stores; and (c) provide an objective indication that the Settlement Class Member lives in a trade area serviced by an Affected Family Dollar Store.  The Claim Forms shall be submitted to the Settlement Administrator via U.S. mail or electronically through the Settlement Website.  All Claim Forms must be postmarked or electronically submitted by the Claims Submission Deadline; Claim Forms that do not meet the Claims Submission Deadline will not be Approved Claims.

8.5.    The Settlement Administrator shall determine whether a submitted Claim Form meets the requirements set forth in this Settlement Agreement, pursuant to the Settlement Administration Protocol in Exhibit B.  Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine whether each Claim Form shall be deemed an Approved Claim.  The Settlement Administrator shall use best practices and all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, indexing all Family Dollar Gift Cards provided to the Settlement Class Members.

8.6.    Claim Forms that do not meet the requirements set forth in this Settlement and/or in the Claim Form instructions shall be rejected.  Where a good faith basis exists, the Settlement Administrator may reject a Claim Form for, among other reasons, the following:  (a) the Claim Form fails to provide sufficient confirmation that from January 1, 2020, through February 18, 2022, inclusive, the Person submitting the Claim Form personally purchased a product from an Affected Family Dollar Store; (b) the Claim Form is not fully complete and/or signed; (c) the Claim Form is illegible; (d) the Claim Form is fraudulent; (e) the Claim Form is duplicative of

another Claim Form; (f) the Person submitting the Claim Form is not a Settlement Class Member; (g) the Person submitting the Claim Form requests that the Family Dollar Gift Card be provided to a Person other than the Settlement Class Member for whom the Claim Form is submitted[1]; (h) the Claim Form does not meet the Claim Submission Deadline; (i) the Person who submitted the Claim Form lives in the same household as another Settlement Class Member who already submitted an Approved Claim; or (j) the Claim Form otherwise does not meet the requirements of this Settlement Agreement.  Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator.  The Settlement Administrator shall make all reasonable efforts to exercise the right of rejection for all timely submitted Claim Forms within thirty (30) days from the Claims Submission Deadline.  The Settlement Administrator shall notify the claimant of the rejection using the contact information provided in the Claim Form.  Class Counsel and Defense Counsel shall be provided with copies of all such notifications of rejection, provided that the copies do not contain the name, email address, mailing address, or other personal identifying information of the claimant.  If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within ten (10) days from receipt of the rejection, transmit to the Settlement Administrator by email or U.S. mail a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Class Counsel and Defense Counsel, of the denial of the Claim Form.  If Class Counsel and Defense Counsel cannot agree on a resolution of the claimant's notice contesting the rejection, the decision of the Settlement Administrator shall be final.  No person shall have any claim against Defendant, Defense Counsel, Settlement Class Representatives, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations or distributions made in accordance with this Settlement.

---

[1]  A Person who has a submitted a Claim Form which is approved by the Settlement Administrator may transfer the Family Dollar Gift Card once it is received by that Person.

8.7.    The Settlement Administrator will provide the Parties with weekly reports containing the numbers of objections, Requests to Opt-Out, claims submitted, claims approved, claims rejected, and claims flagged for further investigation.

8.8.    As soon as reasonably possible after the Claims Submission Deadline, but no later than forty (40) days after the Claims Submission Deadline, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a spreadsheet that contains information sufficient to determine: (a) the number of Settlement Class Members that submitted a claim; (b) the number of submitted Claim Forms that are valid and timely, and the number that are not; (c) the number of submitted Claim Forms the Settlement Administrator intends to treat as Approved Claims; and (d) the number of submitted Claim Forms the Settlement Administrator has denied.  The materials that the Settlement Administrator provides to Class Counsel pursuant to this Paragraph shall not contain the names, email addresses, mailing addresses, or other personal identifying information of the Settlement Class Members.

8.9.    The Settlement Administrator will execute a confidentiality and non-disclosure agreement with Defendants and Class Counsel and will take all reasonable steps to ensure that any information provided to it by Settlement Class Members will be used solely for the purpose of effecting this Settlement.  All personal identifying information of Settlement Class Members, including names, addresses, and e-mail addresses, shall not be provided to Class Counsel.

8.10.   All reasonable and necessary costs of the Settlement Administrator performing its duties pursuant to Paragraph 8, up to $475,000, shall be paid by Family Dollar Services, LLC.

**9.      OPT-OUTS**

9.1.    Any Person who wishes to exclude themselves from the Settlement must submit a written Request to Opt-Out to the Settlement Administrator, which shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline.

9.2.    The written Request to Opt-Out must:

        (a)     Identify the case name of the Action;

(b)  Identify the name, current address, email address, and phone number of the Person seeking exclusion from the Settlement;

(c)  Be personally signed by the Person seeking exclusion;

(d)  Include a statement clearly indicating the Person's intent to be excluded from the Settlement;

(e)  Request exclusion only for that one Person whose personal signature appears on the request;

(f)  State that the Person seeking exclusion personally purchased a product from an Affected Family Dollar Store, from January 1, 2020, through February 18, 2022; and

(g)  List the Affected Family Dollar Store(s) from which the Person seeking exclusion purchased a product from January 1, 2020 through February 18, 2022.

9.3.   To be effective and valid, opt-out requests submitted online must verify the Request to Opt-Out no later than the Opt-Out Deadline using the link sent to the Person who submitted the request for exclusion.

9.4.   Opt-out requests seeking exclusion on behalf of more than one Person shall be deemed invalid by the Settlement Administrator.

9.5.   Any Person who submits a valid and timely Request to Opt-Out in the manner described herein shall not:  (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

9.6.   Any member of the Settlement Class who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to Settlement Class Members.

9.7.    As soon as practicable after the Opt-Out Deadline, the Settlement Administrator shall provide the Court, Defendants, and Class Counsel with a list of the Persons who timely and validly requested to opt-out from the Settlement.

## 10.    OBJECTIONS

10.1.    Any Settlement Class Member who wishes to object to the Settlement must submit a written objection to the Court, Class Counsel, Defense Counsel, and the Settlement Administrator, on or before the Objection Deadline, as specified in the Preliminary Approval Order.  Any Person who submits a Request to Opt-Out waives any right to object to the Settlement.

10.2.    The written objection must include:

(a)    The case name and number of the Action;

(b)    The full name, address, telephone number, and email address of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

(c)    A statement that the objector personally purchased a product from an Affected Family Dollar Store, from January 1, 2020, through February 18, 2022, and that none of the exclusions listed in the definition of the Settlement Class in Paragraph 1.33 applies to the objector;

(d)    A list of the Affected Family Dollar Store(s) from which the objector purchased a product from January 1, 2020 through February 18, 2022;

(e)    Any supporting papers, materials, or briefs the objector wishes the Court to consider when reviewing the objection;

(f)    A statement of whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

(g)    A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the five years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

(h)    A statement of the specific grounds for the objection, including any legal and factual support and any evidence in support of the objection;

(i)     A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and

(j)     The objector's signature.

10.3.    In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

10.4.    A Settlement Class Member may submit a written statement of objection(s) on his or her own behalf or through a lawyer hired at that Class Member's own expense, provided the Settlement Class Member has not submitted a Request to Opt-Out.  Lawyers asserting objections on behalf of Settlement Class Members must:  (1) file a notice of appearance with the Court by the deadline set by the Court in the Preliminary Approval Order, or as the Court otherwise may direct; (2) file a sworn declaration attesting to his or her representation of each Settlement Class Member on whose behalf the objection is being filed or file (*in camera*) a copy of the contract between that lawyer and each such Settlement Class Member; and (3) comply with all of the requirements and procedures described in Paragraph 10, including providing all information set forth in Paragraph 10.2.  Lawyers asserting objections on behalf of Settlement Class Members also must file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a member of a class.

10.5.    Any Settlement Class Member who fails to object to the Settlement in the manner described in this Settlement Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms of or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Settlement Agreement by appeal or any other means.

11.   **MODIFICATION OR TERMINATION OF SETTLEMENT AND
      RESERVATION OF RIGHTS**

11.1.   This Settlement Agreement may be amended or modified only by a written
instrument signed by or on behalf of all Parties or their respective successors-in-interest and
approved by the Court; provided, however that, after entry of the Final Approval Order and Final
Judgment, the Parties may by written agreement effect such amendments, modifications, or
expansions of this Settlement Agreement and its implementing documents (including all Exhibits
hereto) without further approval by the Court if such changes are consistent with the Court's Final
Approval Order and Final Judgment and do not materially limit the rights of Settlement Class
Members under this Settlement Agreement.

11.2.   This Settlement Agreement and any Exhibits attached hereto constitute the entire
agreement among the Parties, and no representations, warranties, or inducements have been made
to any Party or Settlement Class Member concerning this Settlement Agreement or its Exhibits
other than the representations, warranties, and covenants covered and memorialized in such
documents.

11.3.   In the event the terms or conditions of this Settlement Agreement are modified by
(or to comply with) any court order as described in this Paragraph 11.3, the Settlement Class
Representatives may unanimously or Defendants may unanimously, in their respective discretion
to be exercised within thirty (30) days after such modification, declare this Settlement Agreement
null and void.  For purposes of this Paragraph 11.3, modifications include any modifications (a) to
the definition of the Settlement Class, Settlement Class Members, Released Parties, or Released
Claims; and/or (b) to the terms of the Settlement consideration described in Paragraph 4; and/or
(c) that materially change the requirements for an Approved Claim; and/or (d) that materially
change the proposed notice, including methods of distributing notice, to the Settlement Class.  In
the event of qualifying modification by any court, and in the event the Parties do not exercise their
unilateral option to withdraw from this Settlement Agreement pursuant to this Paragraph 11.3, the

Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification.

11.4.   The Parties agree that the effectiveness of this Settlement Agreement is not contingent upon the Court's approval of the payment of any Attorneys' Fees or Expenses or Service Awards.  If the Court declines to approve, in whole or in part, a request for Attorneys' Fees or Expenses or Service Awards, all remaining provisions in this Settlement Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Attorneys' Fees or Expenses or Service Awards, or the amount thereof, shall be grounds for cancellation, termination, or modification of this Settlement Agreement.

11.5.   Defendants may, in their sole discretion, terminate this Settlement Agreement if more than a specified number of members of the Settlement Class submit valid and timely requests to exclude themselves from the Settlement pursuant to Paragraph 9, as agreed to by the Parties and attached as Exhibit I and submitted to the Court for *in camera* review.

11.6.   If this Settlement Agreement is terminated pursuant to its terms, disapproved by the Court or any appellate court with jurisdiction over the Settlement, or not consummated for any reason, or the Effective Date for any reason does not occur, then:

11.6.1  The Settlement Agreement will be deemed null and *void ab initio*.  The terms and provisions of this Settlement Agreement will have no further force and effect with respect to the Parties or Settlement Class Members and will not be used in this Action or in any other proceeding for any purpose;

11.6.2  The order certifying the Settlement Class for purposes of effectuating the Settlement, all preliminary and/or final findings regarding that class certification order, and any judgment, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement

Agreement and such findings had never been made, and the Action shall return to the procedural posture as of the date of the mediation (April 18, 2023);

11.6.3  The Parties will petition the Court to have any stay orders entered pursuant to this Settlement lifted;

11.6.4  Class Counsel shall return or reimburse to Defendants any attorneys' fees and costs and any service awards to Settlement Class Representatives paid by the Defendants;

11.6.5  Defendants reserve the right to challenge the certifiability of any class claims certified in the Action.

## 12.    CAFA NOTICE PURSUANT TO 28 U.S.C. § 1715

12.1.   Defendants shall serve notice of the Settlement Agreement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days following the filing of this Settlement Agreement with the Court.

## 13.    MISCELLANEOUS PROVISIONS

13.1.    The Parties intend the Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement Agreement compromises claims that are contested and will not be deemed an admission by Defendants or Settlement Class Representatives as to the merits of any claim or defense.

13.2.   Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

<u>To the Settlement Class Representatives and the Settlement Class</u>:
J. Gerard Stranch, IV
Stranch, Jennings & Garvey PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN  27203

To Counsel for Defendants:
Christopher Chorba
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071

With a Copy to Defendants
Attn:  Chief Legal Officer
Family Dollar Services, LLC
500 Volvo Parkway
Chesapeake, VA  23320

13.3.    All of the Exhibits to this Settlement Agreement are an integral part of the Settlement and are incorporated by reference as though fully set forth herein.

13.4.    The Parties agree that the Recitals are contractual in nature and form a material part of this Settlement Agreement.

13.5.    No extrinsic evidence or parol evidence shall be used to interpret, explain, construe, contradict, or clarify this Settlement Agreement, its terms, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed.  This Settlement Agreement supersedes all prior negotiations and agreements.  The Parties expressly agree that the terms and conditions of this Settlement Agreement will control over any other written or oral agreements.

13.6.    Unless otherwise noted, all references to "days" in this Settlement Agreement shall be to calendar days.  In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

13.7.    The Settlement Agreement, the Settlement, all documents, orders, and other evidence relating to the Settlement, the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents drafted or executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered, received, deemed to be, used as, construed as, and do not constitute

a presumption, concession, admission, or evidence of (i) the validity of any Released Claims or of any liability, culpability, negligence, or wrongdoing on the part of the Released Parties; (ii) any fact alleged, defense asserted, or any fault, misrepresentation, or omission by the Released Parties; (iii) the propriety of certifying a litigation class or any decision by any court regarding the certification of a class, and/or (iv) whether the consideration to be given in this Settlement Agreement represents the relief that could or would have been obtained through trial in the Action, in any trial, civil, criminal, administrative, or other proceeding of the Action or any other action or proceeding in any court, administrative agency, or other tribunal.

13.8. The Parties to this Action or the Released Parties shall have the right to file the Settlement Agreement and/or the Final Approval Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.9. The Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement Agreement were negotiated at arm's length, in good faith by the Parties, and reflect a settlement that was reached voluntarily, after consultation with competent legal counsel, and with the assistance of an independent, neutral mediator.

13.10. The Settlement Class Representatives and Class Counsel have concluded that the Settlement set forth herein constitutes a fair, reasonable, and adequate resolution of the claims that the Settlement Class Representatives asserted or could have asserted against Defendants, and all claims asserted or that could have been asserted in all constituent actions that comprise the MDL, including the claims on behalf of the Settlement Class, and that the Settlement promotes the best interests of the Settlement Class.

13.11. To the extent permitted by law, all agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement Agreement.

13.12.  The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

13.13.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument.  Signatures submitted by email or facsimile shall also be considered originals.  The date of execution shall be the latest date on which any Party signs this Settlement Agreement.

13.14.  The Parties hereto and their respective counsel agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Settlement Agreement, including to obtain a Final Approval Order and Final Judgment approving the Settlement.

13.15.  This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto and the Settlement Class Members, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Defendant or Released Party hereto may merge, consolidate, or reorganize, each of which is entitled to enforce this Settlement Agreement.

13.16.  This Settlement Agreement was jointly drafted by the Parties.  Settlement Class Representatives, Settlement Class Members, and Defendants shall not be deemed to be the drafters of this Settlement Agreement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter or otherwise resort to the *contra proferentem* canon of construction.  Accordingly, this Settlement Agreement should not be construed in favor of or against one Party as the drafter, and the Parties agree that the provisions of any laws or common law construing ambiguities against the drafter shall have no application.

13.17.  The headings used in this Settlement Agreement are inserted merely for the convenience of the reader, and shall not affect the meaning or interpretation of this Settlement Agreement.

13.18.  In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa), and the use of the masculine includes the feminine (and vice-versa).

13.19.   The Parties and their counsel agree not to make disparaging public statements about each other and/or their counsel, or related to the Settlement and/or the Action, although they are free to respond in a truthful and non-disparaging manner to inquiries regarding the Settlement and/or the Action.  The Parties mutually agree that neither they nor their counsel will issue any press release or affirmatively contact/reach out to the media regarding the Settlement and/or the Action.  The Parties mutually agree that, aside from confirming the fact of the Settlement and including a link to the Settlement Website, neither they nor their counsel will make any statement on their personal and/or firm websites regarding the Settlement and/or Action.  The settlement notice program will be facilitated exclusively by the Settlement Administrator pursuant to the Notice Plan.

13.20.   The provision of the confidentiality agreement entered into with respect to the mediation process concerning this matter is waived for the limited purpose of permitting the Parties to confirm that they participated in the mediation and that the mediation process was successful.

13.21.   The Settlement Class Representatives further acknowledge, agree, and understand that: (i) each has read and understands the terms of this Settlement Agreement; (ii) each has been advised in writing to consult with an attorney before executing this Settlement Agreement; and (iii) each has obtained and considered such legal counsel as they deem necessary.

13.22.   All of the Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys, and that the terms and conditions of this document are fully understood and voluntarily accepted.

13.23.   Each Party to this Settlement Agreement warrants that they are acting upon their independent judgment and upon the advice of their counsel, and not in reliance upon any warranty or representation, express or implied, of any nature or any kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

13.24. Each counsel or other Person executing this Settlement Agreement or any of its Exhibits on behalf of any Party hereby warrants that such person has the full authority to do so. Class Counsel, on behalf of the Settlement Class, is expressly authorized by the Settlement Class Representatives to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Settlement Agreement to effectuate its terms, and is expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Settlement Class that Class Counsel deems appropriate.

13.25. The Court shall retain exclusive and continuing jurisdiction over all Parties, Settlement Class Members, the Action, and this Settlement Agreement to resolve any suit, action, proceeding, case, controversy, or dispute that may arise regarding this Settlement Agreement, the application of the Release, any other matters regarding implementation of the Settlement, or in relation to this Action, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Settlement Agreement ("Disputes"). The Parties, and each Settlement Class Member, hereby irrevocably submit to the exclusive jurisdiction and venue of the Court for resolution of Disputes, and irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is in any way an improper venue or an inconvenient forum. No Party or Settlement Class Member shall oppose the reopening of the Action for the purposes of effecting the Release. To the extent there are any Disputes between the Parties and/or Settlement Class Members, they will submit those disputes to Justice Holder, before reopening this Action. The Parties and Settlement Class Members hereby agree to pay, and the Court is authorized to award, attorneys' fees and costs to the prevailing party in connection with a Dispute.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

**COUNSEL FOR THE SETTLEMENT CLASS**

Date:  June 16, 2023

_____

J. Gerard Stranch, IV
BRANSETTER, STRANCH, & JENNINGS, PLLC
The Freedom Center
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 27203
Tel: (615) 254-8801
gerards@bsjfirm.com

Sarah Sterling Aldridge
BARRETT LAW GROUP, P.A.
404 Court Square North
Lexington, MS 39095
Tel: (662) 834-2488
saldridge@barrettlawgroup.com

*Interim Co-Lead Counsel*

Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave., NW, Ste. 200
Washington, DC 20016
Tel: 202-789-3960
charles@cuneolaw.com

*Attorney on the Plaintiffs' Steering Committee*

**SETTLEMENT CLASS REPRESENTATIVES**

Date:  June __, 2023

_____

Sheena Bibbs

Date:  June __, 2023

_____

Tina Bishop

-35-

**COUNSEL FOR THE SETTLEMENT CLASS**


Date:  June __, 2023

    J. Gerard Stranch, IV
BRANSETTER, STRANCH, & JENNINGS, PLLC
The Freedom Center
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 27203
Tel: (615) 254-8801
gerards@bsjfirm.com

Sarah Sterling Aldridge
BARRETT LAW GROUP, P.A.
404 Court Square North
Lexington, MS 39095
Tel: (662) 834-2488
saldridge@barrettlawgroup.com


*Interim Co-Lead Counsel*

Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave., NW, Ste. 200
Washington, DC 20016
Tel: 202-789-3960
charles@cuneolaw.com

*Attorney on the Plaintiffs' Steering Committee*


**SETTLEMENT CLASS REPRESENTATIVES**


Date:  June 18, 2023

    Sheena Bibbs


Date:  June __, 2023

    Tina Bishop

**COUNSEL FOR THE SETTLEMENT CLASS**

Date: June __, 2023

_____

J. Gerard Stranch, IV
BRANSETTER, STRANCH, & JENNINGS, PLLC
The Freedom Center
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 27203
Tel: (615) 254-8801
gerards@bsjfirm.com

Sarah Sterling Aldridge
BARRETT LAW GROUP, P.A.
404 Court Square North
Lexington, MS 39095
Tel: (662) 834-2488
saldridge@barrettlawgroup.com

*Interim Co-Lead Counsel*

Charles LaDuca
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Ave., NW, Ste. 200
Washington, DC 20016
Tel: 202-789-3960
charles@cuneolaw.com

*Attorney on the Plaintiffs' Steering Committee*

**SETTLEMENT CLASS REPRESENTATIVES**

Date: June __, 2023

_____
Sheena Bibbs

Date: June 19, 2023

_____
Tina Bishop

-35-

Date:  June 16, 2023

_____
Beverly Gordon (Jun 16, 2023 18:20 CDT)

Beverly Gordon


Date:  June ___, 2023

_____

Julian Graves


Date:  June ___, 2023

_____

Martha Lacy


Date:  June ___, 2023

_____

Taylor Lorimer


Date:  June ___, 2023

_____

Sonya Mull


Date:  June ___, 2023

_____

Vinnie Smith


Date:  June ___, 2023

_____

Sandra Walker


Date:  June ___, 2023

_____

Jerome Whitney

Date:  June ___, 2023

                                               Beverly Gordon

Date:  June ___, 2023

                                               Julian Graves

Date:  June ___, 2023

                                               Martha Lacy

Date:  June ___, 2023

                                               Taylor Lorimer

Date:  June ___, 2023

                                               Sonya Mull

Date:  June ___, 2023

                                               Vinnie Smith

Date:  June ___, 2023

                                               Sandra Walker

Date:  June ___, 2023

                                               Jerome Whitney

Date: June __, 2023

_____
Beverly Gordon

Date: June __, 2023

_____
Julian Graves

Date: June __, 2023

*Martha L Lacy*
_____
Martha Lacy

Date: June __, 2023

_____
Taylor Lorimer

Date: June __, 2023

_____
Sonya Mull

Date: June __, 2023

_____
Vinnie Smith

Date: June __, 2023

_____
Sandra Walker

Date: June __, 2023

_____
Jerome Whitney

Date:  June ___, 2023

_____
Beverly Gordon

Date:  June ___, 2023

_____
Julian Graves

Date:  June ___, 2023

_____
Martha Lacy

Date:  June **17** 2023

_____
Taylor Lorimer

Date:  June **19**, 2023

by J. Gerard Stranch, IV
with permission
_____
Sonya Mull

Date:  June ___, 2023

_____
Vinnie Smith

Date:  June ___, 2023

_____
Sandra Walker

Date:  June ___, 2023

_____
Jerome Whitney

Date: June ___, 2023

_____
Beverly Gordon

Date: June ___, 2023

_____
Julian Graves

Date: June ___, 2023

_____
Martha Lacy

Date: June ___, 2023

_____
Taylor Lorimer

Date: June ___, 2023

_____
Sonya Mull

Date: June 16, 2023

_____
Vinnie Smith

Date: June ___, 2023

_____
Sandra Walker

Date: June ___, 2023

_____
Jerome Whitney

Date: June ___, 2023

_____
Beverly Gordon


Date: June ___, 2023

_____
Julian Graves


Date: June ___, 2023

_____
Martha Lacy


Date: June ___, 2023

_____
Taylor Lorimer


Date: June ___, 2023

_____
Sonya Mull


Date: June ___, 2023

_____
Vinnie Smith


Date: June _17_, 2023

_____
Sandra Walker


Date: June ___, 2023

_____
Jerome Whitney

Date:  June ___, 2023

_____
Beverly Gordon


Date:  June ___, 2023

_____
Julian Graves


Date:  June ___, 2023

_____
Martha Lacy


Date:  June ___, 2023

_____
Taylor Lorimer


Date:  June ___, 2023

_____
Sonya Mull


Date:  June ___, 2023

_____
Vinnie Smith


Date:  June ___, 2023

_____
Sandra Walker


Date:  June ___, 2023

_____
Jerome Whitney (Jun 18, 2023 17:00 CDT)
Jerome Whitney

**COUNSEL FOR DEFENDANTS**

Date:  June 16 , 2023

Christopher Chorba
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213-229-7000
Facsimile: 213-229-7520
cchorba@gibsondunn.com

Jason R. Meltzer
Jesenka Mrdjenovic
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202-955-8500
Facsimile: 202-467-0539
jmeltzer@gibsondunn.com

*Attorneys for Defendants*

**DEFENDANTS**

Date:  June 16, 2023

Acting Chief Legal Officer

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| *In re Family Dollar Stores, Inc., Pest Infestation Litigation* | MDL No. 3032 |
| **This Document Relates To:** | Case No. 2:22-md-03032-SHL-TMP |
| **ALL CASES** | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT**

**WHEREAS**, Sheena Bibbs, Tina Bishop, Beverly Gordon, Julian Graves, Martha Lacy, Taylor Lorimer, Sonya Mull, Vinnie Smith, Sandra Walker, and Jerome Whitney (together, "Settlement Class Representatives"), on behalf of themselves and the Settlement Class as defined below, and Defendants Family Dollar Stores of Tennessee, LLC; Family Dollar Stores of Arkansas, LLC; Family Dollar Stores of Alabama, LLC; Family Dollar Stores of Louisiana, LLC; Family Dollar Stores of Mississippi, LLC; Family Dollar Stores of Missouri, LLC; Family Dollar Services, LLC; Family Dollar, LLC (formerly Family Dollar, Inc.); Family Dollar Stores, LLC (formerly Family Dollar Stores, Inc.); Dollar Tree, Inc.; and Dollar Tree Stores, Inc. ("Defendants") entered into a Settlement Agreement on June 16, 2023, which sets forth the terms and conditions for a proposed settlement of this Action and for its dismissal with prejudice upon the terms and conditions set forth therein;

**WHEREAS**, Settlement Class Representatives have moved the Court for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) finding that the Court will likely be able to certify the Settlement Class after the Final Approval Hearing, and (iii) directing notice as set forth herein;

**WHEREAS**, the Settlement appears to be the product of informed settlement negotiations conducted before the mediator Hon. Janice M. Holder (Ret.);

**WHEREAS**, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations, and has found good cause for entering the following Order; and

**WHEREAS**, unless otherwise specified, all capitalized terms used herein have the same meaning as set forth in the Settlement Agreement.

**NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:**

**1.**     The Court finds that it has jurisdiction over the subject matter of this Action, all parties to the Action, and the Settlement Class.

1

2.     The parties have moved the Court for an order approving the Settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed Settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties, hereby preliminarily approves the Settlement Agreement in its entirety, subject to the Final Approval Hearing referred to in Paragraph 10 of this Order.

3.     The Court further finds that, subject to the Final Approval Hearing, the Settlement Agreement, including the Exhibits attached thereto, is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class defined below.

4.     The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, and the United States Constitution; and (d) is not a finding or admission of liability by Defendants or any other Person(s), nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

5.     **Certification of the Settlement Class**.  For purposes of settlement only: (a) J. Gerard Stranch, IV and Sarah Sterling Aldridge, the attorneys appointed by the Court as Plaintiffs' Co-Lead Counsel in the Action (Dkt. 45), and Charles J. LaDuca, an attorney appointed by the Court to the Plaintiffs' Steering Committee (Dkt. 47) are appointed as Class Counsel for the Settlement Class; and (b)  Sheena Bibbs, Tina Bishop, Beverly Gordon, Julian Graves, Martha Lacy, Taylor Lorimer, Sonya Mull, Vinnie Smith, Sandra Walker, and Jerome Whitney are appointed Settlement Class Representatives for the Settlement Class.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel for the

Settlement Class and that Settlement Class Representatives will adequately protect the interests of the Settlement Class defined below.

For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All persons who, from January 1, 2020 through February 18, 2022, inclusive (the "Class Period"), purchased any product from an Affected Family Dollar Store.

Excluded from the Settlement Class are: (i) Defendants; (ii) Defendants' agents, parents, officers, predecessors, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliates of Defendants; (iii) Class Counsel and any other attorneys who represent the Settlement Class Representatives or the Settlement Class in this Action, as well as their agents and employees; (iv) the judicial officers and court staff assigned to this case, as well as their immediate family members; and (v) Persons who timely request to be excluded from this Settlement.

The Court finds, subject to the Final Approval Hearing referred to in Paragraph 10 below, that, within the context of and for the purposes of settlement only, the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (e) common questions of law or fact predominate over questions affecting individual Settlement Class Members;  and (f) a class action is a superior method for fairly and efficiently adjudicating the Action.

If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class shall be

vacated, the parties shall revert to their positions in the Action as they existed on April 18, 2023, and the Settlement Class Representatives and the Settlement Class Members will once again bear the burden to prove the propriety of class certification and the merits of their claims at trial.

6.      **Notice and Administration**.  Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that it has sufficient information to enable it to determine whether to give notice of the proposed Settlement to the Settlement Class.  The Court further finds that the proposed Settlement and Notice Plan meet the requirements of Rule 23(e) and that the Court will likely be able to certify the Settlement Class for purposes of judgment on the Settlement.

The Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto satisfy the requirements of Federal Rule of Civil Procedure 23 and are approved.  Non-material modifications to the notices and claim form may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the parties and consistent in all material respects with the Settlement Agreement and this Order.  The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and the below-stated schedule, and to perform all other tasks that the Settlement Agreement requires.  Prior to the Final Approval Hearing, Class Counsel shall cause to be filed with the Court an appropriate declaration by the Settlement Administrator with respect to complying with the provisions of the Notice Plan.

The Court further finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights to object to the Settlement and to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to those Persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other

legal requirements.  The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

       The parties have selected a reputable settlement administration company, Angeion Group, LLC, to serve as the Settlement Administrator.  The Court hereby appoints and authorizes Angeion Group, LLC to be the Settlement Administrator, and thereby to perform and execute the notice responsibilities set forth in the Settlement Agreement.

       The Settlement Administrator shall act in compliance with the Protective Order (ECF No 58), including but not limited to making all necessary efforts and precautions to ensure the security and privacy of Settlement Class Member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Settlement Class Member information; not using the information provided by Defendants or Class Counsel in connection with the Settlement or this Notice Plan for any purposes other than providing notice or conducting claims administration; and not sharing Settlement Class Member information with any third parties without advance consent from the parties.

       The Court finds that Angeion Group, LLC will comply with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as described in the Declaration of Steven Weisbrot in Support of Notice Plan.

       The Court orders Angeion Group, LLC to commence the Notice Plan to potential Settlement Class Members within fifteen (15) days after entry of this Preliminary Approval Order ("Notice Date").  Angeion Group, LLC will further provide a declaration that Notice has been effectuated at least thirty-five (35) days prior to the Final Approval Hearing.

       **7.**    <u>**Submission of Claims**</u>.  Settlement Class Members will have thirty (30) calendar days from the Notice Date to submit their Claim Forms ("Claims Submission Deadline"), which is adequate and sufficient time.  Settlement Class Members who submit a valid Claim Form within thirty (30) days of the Notice Date may qualify to receive a Family Dollar Gift Card, if the Claim Form is deemed to be an Approved Claim by the Settlement Administrator.

8.       **Opting-Out from Settlement Class**.  Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  Any such Person who desires to opt out must submit written notice of such intent online through the claims portal or via United States mail to the designated addresses established by the Settlement Administrator.  The written notice must (i) identify the case name of the Action; (ii) identify the name current address, email address, and phone number of the Person seeking exclusion from the Settlement; (iii) be personally signed by the Person seeking exclusion; (iv) include a statement clearly indicating the Person's intent to be excluded from the Settlement; (v) request exclusion only for that one Person whose personal signature appears on the request; (vi) state that the Person seeking exclusion personally purchased a product from an Affected Family Dollar Store during the Class Period; and (vii) list the Affected Family Dollar Store(s) from which the Person seeking exclusion purchased a product during the Class Period.

Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.  To be effective, the written notice shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline in accordance with the Settlement Agreement.  All those Persons submitting valid and timely notices of opt out shall not be entitled to receive any benefits of the Settlement.

Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement.  If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of opt out from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the Releases set forth in the Settlement Agreement and incorporated in the judgment.

9.       **Objections and Appearances**.  Any Settlement Class Member may enter an appearance for the purposes of objecting to the Settlement, at their own expense, individually or through counsel of their own choice.  If a Settlement Class Member does not enter an appearance,

they will be represented by Class Counsel.  Any Settlement Class Member who wishes to object to the Settlement, the benefits of the Settlement, Service Awards, and/or the Attorneys' Fees and Expenses Award, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Approval Order and Judgment should not be entered thereon, why the benefits of the Settlement should not be approved, or why the Service Awards and/or the Attorneys' Fees and Expenses Award should not be granted, may do so provided they have not timely and validly excluded themselves from the Settlement, but must proceed as set forth in this paragraph.  No Settlement Class Member will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Settlement Class Member wishes the Court to consider, within thirty (30) calendar days following the Notice Date. Any objection must include: (i) the case name and number of the Action; (ii) the full name, address, telephone number, and email address of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel; (iii) a statement that the objector personally purchased a product from an Affected Family Dollar Store during the Class Period and that none of the exclusions listed in the definition of the Settlement Class applies to the objector; (iv) a list of the Affected Family Dollar Store(s) from which the objector purchased a product during the Class Period; (v) any supporting papers, materials, or briefs the objector wishes the Court to consider when reviewing the objection; (vi) a statement of whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (vii) a statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the five years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection; (viii) a statement of the specific grounds for the objection, including any legal and factual support and any evidence in support of the objection; (ix) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and (x) the objector's signature.

In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

Lawyers asserting objections on behalf of Settlement Class Members must: (1) file a notice of appearance with the Court by fourteen (14) days before Final Approval Hearing; (2) file a sworn declaration attesting to his or her representation of each Settlement Class Member on whose behalf the objection is being filed or file (in camera) a copy of the contract between that lawyer and each such Settlement Class Member; and (3) comply with all of the requirements and procedures described in this paragraph. Lawyers asserting objections on behalf of Settlement Class Members also must file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a member of a class.

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Settlement Agreement and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means.

10. **Final Approval Hearing**. A hearing will be held by this Court in the Courtroom of the Honorable Sheryl H. Lipman, United States District Court for the Western District of Tennessee, Odell Horton Federal Building, Courtroom 1 on the 11th Floor, 167 North Main Street, Memphis, TN on [Date] 2023 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether a Final Approval Order and Final Judgment should be entered; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate; (d) whether to approve the application for Service Awards for certain Settlement Class

Representatives and an Attorneys' Fees and Expenses Award; and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Court may approve the Settlement with such modifications as the parties may agree to, if appropriate, without further notice to the Settlement Class, provided such modifications do not materially limit the rights of Settlement Class Members under the Settlement Agreement.

11. **Final Approval Briefing**. Settlement Class Representatives and Class Counsel shall file their motion seeking approval of the Settlement and final judgment in the Action by no later than ninety (90) days after the Notice Date. All briefing and supporting documents in support of a motion for Attorneys' Fees and Expenses and Service Awards must be filed seven (7) days prior to the Objection Deadline.

12. **Reasonable Procedures**. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the notices and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Settlement Agreement.

13. **Extension of Deadlines**. Upon application of the parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Class. Settlement Class Members must check the Settlement Website (Website) regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Settlement Class.

14. **Termination of the Settlement and Use of this Order**. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing as of April 18, 2023, if the Effective Date does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement Agreement. In such an event, the Settlement shall become null and void and shall be of no further force and

effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.  For the avoidance of doubt, if the Effective Dates does not occur or the Settlement is otherwise terminated in accordance with the terms of the Settlement, then neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be: (1) construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability or the certifiability of any class; (2) construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, or unavailable; or (3) construed or used as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

15.     **Related Orders**.  All further proceedings in this Action are ordered stayed until entry of the Final Approval Order or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

16.     **Deadlines**.  Consistent with this Order, the Court sets the following deadlines:

| **ACTION** | **DATE** |
| --- | --- |
| Notice Commences (Notice Date) | Within 15 days following entry of this Order |
| Opt-Out Deadline | 30 days after Notice Date |
| Motion for Attorneys' Fees and Expenses and Service Awards | 7 days prior to the Objection Deadline |
| Objection Deadline | 30 days after Notice Date |
| Claims Submission Deadline | 30 days after Notice Date |

| **ACTION** | **DATE** |
|---|---|
| Final Approval Brief and Response to Objections Due | 90 days after the Notice Date |
| Proof of Notice Submitted | At least 35 days prior to the Final Approval Hearing |
| Final Approval Hearing | (To be scheduled no less than 35 days after the filing of the Final Approval Brief and Response to Objections) |

**IT IS SO ORDERED.**

DATED: [Date], 2023

_____

HON. SHERYL H. LIPMAN
U.S. DISTRICT COURT CHIEF JUDGE

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| *In re Family Dollar Stores, Inc., Pest Infestation Litigation*<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 3032<br>Case No. 2:22-md-03032-SHL-TMP |

**DECLARATION OF STEVEN WEISBROT, ESQ. OF ANGEION GROUP, LLC**
**RE: PROPOSED NOTICE PLAN**

I, Steven Weisbrot, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

2.      I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best*

**Declaration of Steven Weisbrot re: Proposed Notice Plan**
**1**

*Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.

5.      I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.      Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

7.      My notice work comprises a wide range of class actions that include consumer product defect and false advertising matters, data breach, mass disasters, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.      I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9.      By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to class members. The executive profiles as well as the company overview are available at https://www.angeiongroup.com/our_team.php.

10.     As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

**Declaration of Steven Weisbrot re: Proposed Notice Plan**

**2**

11.     This declaration will describe the Notice Plan for the Class that, if approved by the Court, Angeion will implement in this matter, including the considerations that informed the development of the plan and why we believe it will provide due process to Settlement Class Members.  In my professional opinion, the proposed Notice Plan described herein is the best practicable notice under the circumstances and fulfills all due process requirements, fully comporting with Fed. R. Civ. P. 23.

## OVERVIEW OF THE NOTICE PLAN

12.     The proposed Notice Plan provides for direct notice combined with a robust media campaign consisting of state-of-the-art internet notice targeted to the areas of the impacted Family Dollar stores, publication notice, and search engine marketing. The Notice Plan further provides for the implementation of a dedicated settlement website and toll-free telephone line where Settlement Class Members can learn more about their rights and options pursuant to the terms of the Settlement.

13.     As discussed in greater detail below, the media campaign component of the Notice Plan is designed to deliver an approximate 80.17% reach with an average frequency of 3.36 times. This number is calculated using objective syndicated advertising data relied upon by most advertising agencies and brand advertisers. It is further verified by sophisticated media software and calculation engines that cross reference which media is being purchased with the media habits of our specific Target Audience. What this means in practice is that 80.17% of our Target Audience will see a digital advertisement concerning the Settlement an average of 3.36 times each.

14.     The 80.17% reach is independent from the email notice efforts and does not include the settlement website or toll-free hotline, which are not calculable in reach percentage but will nonetheless aid in informing Settlement Class Members of their rights and options under the Settlement.

15.     The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm." Barbara J. Rothstein

& Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket
Guide or Judges," at 27 (3d Ed. 2010).

**DIRECT NOTICE**

**Email Notice**

16.     As part of the Notice Plan, Angeion will send direct email notice to Settlement Class
Members who have valid email addresses included on the Class List. Angeion designs the email
notice to avoid many common "red flags" that might otherwise cause an email recipient's spam
filter to block or identify the email notice as spam. For example, Angeion does not include
attachments like the Long Form Notice to the email notice, because attachments are often
interpreted by various Internet Service Providers ("ISP") as spam.

17.     Angeion also accounts for the real-world reality that some emails will inevitably fail to be
delivered during the initial delivery attempt. Therefore, after the initial noticing campaign is
complete, Angeion, after an approximate 24- to 72-hour rest period (which allows any temporary
block at the ISP level to expire) causes a second round of email noticing to continue to any email
addresses that were previously identified as soft bounces and not delivered. In our experience,
this minimizes emails that may have erroneously failed to deliver due to sensitive servers and
optimizes delivery.

18.     At the completion of the email campaign, Angeion will report to the Court concerning the
rate of delivered emails accounting for any emails that are blocked at the ISP level. In short, the
Court will possess a detailed, verified account of the success rate of the entire direct email notice
campaign.

**MEDIA NOTICE**

**Programmatic Display Advertising**

19.     Angeion will utilize a form of internet advertising known as Programmatic Display
Advertising, which is the leading method of buying digital advertisements in the United States to

**Declaration of Steven Weisbrot re: Proposed Notice Plan**
4

provide notice of the Settlement to Settlement Class Members.[1] In laymen's terms, programmatic display advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the audience are most likely to visit (these websites are accessible on computers, mobile phones and tablets). The media notice outlined below is strategically designed to provide notice of the Settlement to Settlement Class Members by driving them to the dedicated Settlement Website where they can learn more about the Settlement, including their rights and options.

20.    To develop the media notice campaign and to verify its effectiveness, our media team analyzed data from 2022 comScore Multi-Platform/MRI Simmons USA Fusion[2] to profile the Settlement Class and arrive at an appropriate Target Audience based on criteria pertinent to this Settlement. Specifically, the following syndicated research definition was used to profile potential Settlement Class Members:

- Department, Clothing/Shoes & Specialty Stores- Times Shopped: **Family Dollar** in last 3 months: ANY.

21.    Based on the Target Audience definition used, the size of the Target Audience for the media notice campaign is approximately 5,146,000 households. Digital media platforms provide numerous data segments dedicated to consumer brands. We will rely heavily on that data to help us ensure we are reaching Family Dollar shoppers in areas around the affected stores.

22.    Specifically, we will rely on the addresses of the Affected Family Dollar Stores to ensure

---

[1] Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences. In 2023, programmatic digital display ad spending is expected to reach nearly 142 billion U.S. dollars. https://www.insiderintelligence.com/chart/255070/us-programmatic-digital-display-ad-spending-2019-2023-billions-of-total-digital-display-ad-spending.

[2] GfK MediaMark Research and Intelligence LLC ("GfK MRI") provides demographic, brand preference and media-use habits, and captures in-depth information on consumer media choices, attitudes, and consumption of products and services in nearly 600 categories. comSCORE, Inc. ("comSCORE") is a leading cross-platform measurement and analytics company that precisely measures audiences, brands, and consumer behavior, capturing 1.9 trillion global interactions monthly. comSCORE's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reach more effectively. comSCORE operates in more than 75 countries, including the United States, serving over 3,200 clients worldwide.

ad delivery to the applicable locations.

23.     It is important to note that the Target Audience is distinct from the class definition, as is commonplace in class action notice plans. Utilizing an overinclusive proxy audience maximizes the efficacy of the Notice Plan and is considered a best practice among media planners and class action notice experts alike. Here, the estimated Class size is approximately 1,052,000 households, whereas our broader Target Audience consists of approximately 5,146,000 households. Using proxy audiences is also commonplace in both class action litigation and advertising generally[3].

24.     Additionally, the Target Audience is based on objective syndicated data, which is routinely used by advertising agencies and experts to understand the demographics, shopping habits and attitudes of the consumers that they are seeking to reach[4]. Using this form of objective data will allow the Parties to report the reach and frequency to the Court, with the confidence that the reach percentage and the number of exposure opportunities complies with due process and exceeds the Federal Judicial Center's threshold as to reasonableness in notification programs. Virtually all professional advertising agencies and commercial media departments use objective syndicated data tools, like the ones described above, to quantify net reach. Sources like these guarantee that advertising placements can be measured against an objective basis and confirm that reporting statistics are not overstated. Objective syndicated data tools are ubiquitous tools in a media planner's arsenal and are regularly accepted by courts in evaluating the efficacy of a media plan, or its component parts.

25.     To identify the best vehicles to deliver messaging to the Target Audience, the media quintiles, which measure the degree to which an audience uses media relative to the general

---

[3] If the total population base (or number of class members) is unknown, it is accepted advertising and communication practice to use a proxy-media definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number. The percentage of the population reached by supporting media can then be established. Duke Law School, GUIDELINES AND BEST PRACTICES IMPLEMENTING 2018 AMENDMENTS TO RULE 23 CLASS ACTION SETTLEMENT PROVISIONS, at 56.

[4] The notice plan should include an analysis of the makeup of the class. The target audience should be defined and quantified. This can be established through using a known group of customers, or it can be based on a proxy-media definition. Both methods have been accepted by the courts and, more generally, by the advertising industry, to determine a population base. *Id*. at 56.

**Declaration of Steven Weisbrot re: Proposed Notice Plan**

population were reviewed. Here, the objective syndicated data shows that members of the Target
Audience spend an average of approximately 31.9 hours per week on the internet.

26.     Given the strength of digital advertising, as well as our Target Audience's consistent
internet use, we recommend utilizing a robust internet advertising campaign to reach Class
Members. This media schedule will allow us to deliver an effective reach level and a vigorous
frequency, which will provide due and proper notice to the Class.

27.     Multiple targeting layers will be implemented into the programmatic campaign to help
ensure delivery to the most appropriate users, inclusive of the following tactics:

- Look-a-like Modeling: This technique uses data methods to build a look-a-like audience
  against known Settlement Class Members.

- Predictive Targeting: This technique allows technology to "predict" which users will be
  served advertisement about the Settlement.

- Site Retargeting: This technique is a targeting method used to reach potential Settlement
  Class Members who have already visited the dedicated Settlement Website while they
  browse other pages. This allows Angeion to provide a potential Settlement Class Member
  sufficient exposure to an advertisement about the Settlement.

- Geotargeting: The campaign will target the areas around the Affected Family Dollar Stores.

28.     To combat the possibility of non-human viewership of digital advertisements and to verify
effective unique placements, Angeion employs Oracle's BlueKai, Adobe's Audience Manger
and/or Lotame, which are demand management platforms ("DMP"). DMPs allow Angeion to learn
more about the online audiences that are being reached. Further, online ad verification and security
providers such as Comscore Content Activation, DoubleVerify, Grapeshot, Peer39 and Moat will
be deployed to provide a higher quality of service to ad performance.

**Print Publication**

29.     The Notice Plan includes publication in *People* magazine that is circulated in states with Affected Family Dollar Stores. Notice of the settlement would be published in a full page, black and white ad. A chart showing the circulation of *People* and its total audience is below:

| Publication | Circulation | Total Audience |
|---|---|---|
| *People* | 124,000 | 562,000 |

**Search Engine Marketing**

30.     The Notice Plan also includes a paid search campaign on Google to help drive Settlement Class Members who are actively searching for information about the Settlement to the dedicated Settlement Website. Paid search ads will complement the programmatic and social media campaigns, as search engines are frequently used to locate a specific website, rather than a person typing in the URL. Search terms would relate to not only the Settlement itself but also the subject matter of the litigation. In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the Settlement, litigation or other terms related to the Settlement, that individual could be served with an advertisement directing them to the Settlement Website.

<u>**SETTLEMENT WEBSITE & TOLL-FREE TELEPHONE SUPPORT**</u>

31.     The Notice Plan will also implement the creation of a case-specific Settlement Website to provide Settlement Class Members with (1) generalized information about the Settlement, its scope, and its remedies, with a clickable table of contents; answers to frequently asked questions; a contact information page that includes the address for the Settlement Administrator and addresses and telephone numbers for Class Counsel; (2) deadlines for opting out of or objecting to the Settlement, and the dates of relevant Court proceedings, including the Final Approval Hearing; (3) a downloadable and online version of the form by which Settlement Class Members may exclude themselves from the Settlement Class; (4) information on making a claim and a downloadable and

online version of the Claim Form; and (5) relevant legal documents like this Settlement, the Amended Consolidated Class Action Complaint, the signed order of Preliminary Approval, notices, and (when it becomes available) Plaintiffs' application for an Attorneys' Fees and Expenses Award and/or an application for Service Awards.

32.     The Settlement Website will be designed to meet Level AA conformance in the Web Content Accessibility Guidelines ("WCAG").

33.     A toll-free hotline devoted to this case will be implemented to further apprise Settlement Class Members of their rights and options pursuant to the terms of the Settlement.  The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week in English and Spanish.  Additionally, Settlement Class Members will be able to request a copy of the Long-Form Notice and/or Claim Form via the toll-free hotline.

## PROJECTED NOTICE SCHEDULE

34.     Angeion anticipates disseminating notice as follows:  On the Notice Date, the Settlement Website and toll-free hotline will be activated, the email notice will be disseminated, and the internet advertising and paid search campaign will commence. The internet advertising and paid search campaign will run for four (4) weeks. Publication in *People* magazine will occur roughly two weeks after the Notice Date.

## NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

35.     Within ten days of the filing of the Class Action Settlement Agreement and Release with this Court, Angeion will cause notice to be disseminated to the appropriate state and federal officials pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. §1715.

## DATA SECURITY & INSURANCE

36.     Angeion recognizes the critical need to secure our physical and network environments and protect data in our custody. It is our commitment to these matters that has made us the go-to

administrator for many of the most prominent data security matters of this decade. We are ever improving upon our robust policies, procedures, and infrastructure by periodically updating data security policies as well as our approach to managing data security in response to changes to physical environment, new threats and risks, business circumstances, legal and policy implications, and evolving technical environments.

37.     Angeion's privacy practices are compliant with the California Consumer Privacy Act, as currently drafted. Consumer data obtained for the delivery of each project is used only for the purposes intended and agreed in advance by all contracted parties, including compliance with orders issued by State or Federal courts as appropriate. Angeion imposes additional data security measures for the protection of Personally Identifiable Information (PII) and Personal Health Information (PHI), including redaction, restricted network and physical access on a need-to-know basis, and network access tracking. Angeion requires background checks of all employees, requires background checks and ongoing compliance audits of its contractors, and enforces standard protocols for the rapid removal of physical and network access in the event of an employee or contractor termination.

38.     Data is transmitted using Transport Layer Security (TLS) 1.3 protocols. Network data is encrypted at rest with the government and financial institution standard of AES 256-bit encryption. We maintain an offline, air-gapped backup copy of all data, ensuring that projects can be administered without interruption.

39.     Further, our team stays on top of latest compliance requirements, such as GDPR, HIPAA, PCI DSS, and others, to ensure that our organization is meeting all necessary regulatory obligations as well as aligning to industry best practices and standards set forth by frameworks like CIS and NIST. Angeion is cognizant of the ever-evolving digital landscape and continually improves its security infrastructure and processes, including partnering with best-in-class security service providers. Angeion's robust policies and processes cover all aspects of information security to form part of an industry leading security and compliance program, which is regularly assessed by

independent third parties. Angeion is also committed to a culture of security mindfulness. All employees routinely undergo cybersecurity training to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work our teams complete.

40.     Angeion currently maintains a comprehensive insurance program, including sufficient Errors & Omissions coverage.

## REACH AND FREQUENCY

41.     This declaration describes the reach and frequency evidence which courts systemically rely upon in reviewing class action publication notice programs for adequacy. The reach percentage exceeds the guidelines as set forth in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide to effectuate a notice program which reaches a high degree of class members.

42.     Specifically, the media portions of the Notice Plan are designed to deliver an approximate 80.17% reach with an average frequency of 3.36 times each by serving approximately 44 million impressions.  The 80.17% reach is independent from the email notice efforts and does not include the Settlement Website or toll-free hotline, which are not calculable in reach percentage but will nonetheless aid in informing Settlement Class Members of their rights and options under the Settlement.

## CLAIMS ADMINISTRATION

**Claim Form Submissions**

43.     Pursuant to the terms of the Class Action Settlement Agreement and Release, Angeion will receive, and process claim form submissions. Specifically, Angeion will evaluate claim form submissions for completeness and determine whether submitted claim forms meet the requirements set forth in the Agreement.

44.     The Claim Form shall, among other things, require the Settlement Class Member to (a) certify, under penalty of perjury, that from January 1, 2020, through February 18, 2022, inclusive, they personally purchased a product from an Affected Family Dollar Store; (b) provide some

confirmation that the Settlement Class Member shopped at one of the Affected Family Dollar Stores; and (c) provide an objective indication that the Settlement Class Member lives in a trade area serviced by an Affected Family Dollar Store.  The Claim Forms shall be submitted to the Settlement Administrator via U.S. mail or electronically through the Settlement Website. All Claim Forms must be postmarked or electronically submitted by the Claims Submission Deadline. Claim Forms that do not meet the requirements set forth in the Agreement will not be Approved Claims.

45.     Angeion will notify Settlement Class Members whose Claim Form is rejected[5], either in whole or in part, and inform Settlement Class Members of their option to contest their rejection and instructions on how to do so. Angeion will review any contested rejections with Class Counsel and Defense Counsel. If Class Counsel and Defense Counsel cannot agree on a resolution of the claimant's notice contesting the rejection, Angeion shall have the discretion that it will exercise in good faith to assess the validity of the disputed claim.

46.     Any data received from claim form submissions, including payment selection information, will be used solely for settlement implementation and shall not be used for any other purpose.

**Duplicative Submissions and Fraud Review**

47.     Angeion maintains a robust, multi-tiered fraud detection system to identify and prevent fraudulent claims submissions. By way of example, we employ an elaborate technical process to identify potential claim duplication. Specifically, a series of database-driven searches are used to find duplicate names and addresses in our claims database. Normally, both the claimant's name

---

[5] Claim Forms that do not meet the requirements set forth in the Agreement shall be rejected. Where a good faith basis exists, the Settlement Administrator may reject a Claim Form for, among other reasons, the following:  (a) the Claim Form fails to provide sufficient confirmation that from January 1, 2020, through February 18, 2022, inclusive, the Person submitting the Claim Form personally purchased a product from an Affected Family Dollar Store; (b) the Claim Form is not fully complete and/or signed; (c) the Claim Form is illegible; (d) the Claim Form is fraudulent; (e) the Claim Form is duplicative of another Claim Form; (f) the Person submitting the Claim Form is not a Settlement Class Member; (g) the Person submitting the Claim Form requests that the Family Dollar Gift Card be provided to a Person other than the Settlement Class Member for whom the Claim Form is submitted ; (h) the Claim Form does not meet the Claim Submission Deadline; (i) the Person who submitted the Claim Form lives in the same household as another Settlement Class Member who already submitted an Approved Claim; or (j) the Claim Form otherwise does not meet the requirements of the Agreement.

and associated nicknames, as well as the standardized addresses, are compared in the database for purposes of claim duplication detection. However, we may use additional data points, depending on what information, if any, is provided to Angeion.

**Distribution of Settlement Benefits**

48.     Angeion will facilitate the issuance of Family Dollar Gift Cards to Settlement Class Members who submit Approved Claims. The Family Dollar Gift Cards will be issued in compliance with the terms of the Agreement.

## CONCLUSION

49.     The Notice Plan outlined above includes direct notice via email combined with a robust media campaign consisting of state-of-the-art internet advertising, print publication, and a paid search engine marketing campaign.  Further, the Notice Plan provides for the implementation of a dedicated Settlement Website and toll-free hotline to further inform Settlement Class Members of their rights and options in the Settlement.

50.     In my professional opinion, the Notice Plan described herein will provide full and proper notice to Settlement Class Members before the claims, opt-out, and objection deadlines. Moreover, it is my opinion that the Notice Plan is the best notice that is practicable under the circumstances and fully comports with due process and Fed. R. Civ. P. 23.  After the Notice Plan has concluded, Angeion will provide a final report verifying its effective implementation to this Court.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 16, 2023

STEVEN WEISBROT

**Declaration of Steven Weisbrot re: Proposed Notice Plan**
**13**

# Exhibit A



# INNOVATION
## IT'S PART OF OUR DNA

class action | mass tort | legal noticing | litigation support



Changing the Rules

## Judicial Recognition

©  Angeion Group, LLC

### *IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION*

**Case No. 3:18-md-02843**

The Honorable Vincent Chhabria, United States District Court, Northern District of California (March 29, 2023): The Court approves the Settlement Administration Protocol & Notice Plan, amended Summary Notice (Dkt. No. 1114-8), second amended Class Notice (Dkt. No. 1114-6), In-App Notice, amended Claim Form (Dkt. No. 1114-2), Opt-Out Form (Dkt. No. 1122-1), and Objection Form (Dkt. No. 1122-2) and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement and the subsequent filings referenced above meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated motion for Attorneys' Fees and Expenses Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

### *LUNDY v. META PLATFORMS, INC.*

**Case No. 3:18-cv-06793**

The Honorable James Donato, United States District Court, Northern District of California (April 26, 2023): For purposes of Rule 23(e), the Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto are approved...The form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval are accepted at this time as practicable and reasonable in light of the rather unique circumstances of this case.

### *IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION*

**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021): Angeion undertook a comprehensive notice campaign...The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

### *IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION*

**Case No. 1:20-cv-04699**

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (August 22, 2022):  The Class Notice was disseminated in accordance with the procedures required by the Court's Order Granting Preliminary Approval...in accordance with applicable law, satisfied the requirements of Rule 23(e) and due process, and constituted the best notice practicable...



***IN RE: GOOGLE PLUS PROFILE LITIGATION***
**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021): The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members...

***MEHTA v. ROBINHOOD FINANCIAL LLC***
**Case No. 5:21-cv-01013**

The Honorable Susan van Keulen, United States District Court, Northern District of California (August 29, 2022): The proposed notice plan, which includes direct notice via email, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Class Members of the nature and pendency of the Litigation, the scope of the Settlement Class, a summary of the class claims, that a Class Member may enter an appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, the binding effect of final approval of the proposed Settlement, and the anticipated motion for attorneys' fees, costs, and expenses and for service awards. The plan and the Notice constitute due, adequate, and sufficient notice to Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules.

***ADTRADER, INC. v. GOOGLE LLC***
**Case No. 5:17-cv-07082**

The Honorable Beth L. Freeman, United States District Court, Northern District of California (May 13, 2022): The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the Notice Forms attached to the Weisbrot Declaration, subject to the Court's one requested change as further described in Paragraph 8 of this Order, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the AdWords Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the AdWords Class. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice Plan fully complies with the Northern District of California's Procedural Guidance for Class Action Settlements.

### IN RE: FACEBOOK INTERNET TRACKING LITIGATION
**Case No. 5:12-md-02314**

The Honorable Edward J. Davila, United States District Court, Northern District of California (November 10, 2022): The Court finds that Plaintiffs' notice meets all applicable requirements of due process and is particularly impressed with Plaintiffs' methodology and use of technology to reach as many Class Members as possible. Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

### CITY OF LONG BEACH v. MONSANTO COMPANY
**Case No. 2:16-cv-03493**

The Honorable Fernando M. Olguin, United States District Court, Central District of California (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

### STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC
**Case No. 3:20-cv-00903**

The Honorable John A. Gibney Jr., United States District Court, Eastern District of Virginia (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice...Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

### WILLIAMS v. APPLE INC.
**Case No. 3:19-cv-0400**

The Honorable Laurel Beeler, United States District Court, Northern District of California (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

### CLEVELAND v. WHIRLPOOL CORPORATION
**Case No. 0:20-cv-01906**

The Honorable Wilhelmina M. Wright, United States District Court, District of Minnesota (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email

addresses are unavailable, which is the best practicable notice under the circumstances...The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

### RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.
### Case No. 5:19-cv-04596

The Honorable Beth Labson Freeman, United States District Court, Northern District of California (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

### CAMERON v. APPLE INC.
### Case No. 4:19-cv-03074

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

### RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS
### Case No. 2:18-cv-07241

The Honorable Christina A. Snyder, United States District Court, Central District of California (November 12, 2021):  The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website...The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)...

### JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.
### Case No. 2:15-cv-01219

The Honorable Joanna Seybert, United States District Court, Eastern District of New York (November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed

Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish), and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

### *NELLIS v. VIVID SEATS, LLC*
**Case No. 1:20-cv-02486**

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation...(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

### *PELLETIER v. ENDO INTERNATIONAL PLC*
**Case No. 2:17-cv-05114**

The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### *BIEGEL v. BLUE DIAMOND GROWERS*
**Case No. 7:20-cv-03032**

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature

of the Action...and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

### *QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS*
**Case No. 37-2019-00017834-CU-NP-CTL**

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021):  The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

### *HOLVE v. MCCORMICK & COMPANY, INC.*
**Case No. 6:16-cv-06702**

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021):  The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action...(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### *CULBERTSON T AL. v. DELOITTE CONSULTING LLP*
**Case No. 1:20-cv-03962**

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021):  The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

### *PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC*
**Case No. 3:19-cv-00167**

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021):  Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable

**JUDICIAL RECOGNITION**

under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

### IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)
### Case No. 6:20-md-02977

The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021): The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan...The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

### ROBERT ET AL. v. AT&T MOBILITY, LLC
### Case No. 3:15-cv-03418

The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021): The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action ...(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

### PYGIN v. BOMBAS, LLC
### Case No. 4:20-cv-04412

The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021): The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

***WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.***

**Case No. 1:20-cv-23564**

The Honorable Jonathan Goodman, United States District Court, Southern District of Florida (April 23, 2021):  The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

***NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION***

**Case No. CV03-20-00831, CV03-20-03221**

The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it...The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

***IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION***

**Case No. 3:20-cv-00812**

The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

***IN RE: PEANUT FARMERS ANTITRUST LITIGATION***

**Case No. 2:19-cv-00463**

The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

***BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.***

**Case No. 2:19-cv-13554**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

***IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION***
**Case No. 2:19-mn-02886**

The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020): The proposed Notice provides the best notice practicable under the circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

***ADKINS ET AL. v. FACEBOOK, INC.***
**Case No. 3:18-cv-05982**

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020): Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

***IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION***
**Case No. 8:16-md-02737**

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020): The Court finds and determines that mailing the Summary Notice and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

***MARINO ET AL. v. COACH INC.***
**Case No. 1:16-cv-01122**

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020): The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object or to exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States

Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

### BROWN v. DIRECTV, LLC
### Case No. 2:13-cv-01170
The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

### IN RE: SSA BONDS ANTITRUST LITIGATION
### Case No. 1:16-cv-03711
The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020):  The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

### KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.
### Case No. 4:18-cv-00430
The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020):  The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

### HESTER ET AL. v. WALMART, INC.
### Case No. 5:18-cv-05225
The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020):  The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

### CLAY ET AL. v. CYTOSPORT INC.
### Case No. 3:15-cv-00165
The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice

Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### GROGAN v. AARON'S INC.
**Case No. 1:18-cv-02821**

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

### CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.
**Case No. D-202-CV-2001-00579**

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

### SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.
**Case No. 4:16-cv-02200**

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members

will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC
### Case No. 8:19-cv-00550
The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### CORCORAN, ET AL. v. CVS HEALTH, ET AL.
### Case No. 4:15-cv-03504
The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court

APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

### *PATORA v. TARTE, INC.*
**Case No. 7:18-cv-11760**
The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

### *CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.*
**Case No. 2:16-cv-00633**
The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019):  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

### *CORZINE v. MAYTAG CORPORATION, ET AL.*
**Case No. 5:15-cv-05764**
The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

**MEDNICK v. PRECOR, INC.**

**Case No. 1:14-cv-03624**

The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019):  Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

**GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.**

**Case No. 1:18-cv-20048**

The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

**ANDREWS ET AL. v. THE GAP, INC., ET AL.**

**Case No. CGC-18-567237**

The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

**COLE, ET AL. v. NIBCO, INC.**

**Case No. 3:13-cv-07871**

The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this…, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.



***DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.***
**Case No. 1:14-cv-14744**

The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

***IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION***
**Case No. 3:17-md-02777**

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice...practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

***RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY***
**Case No. 1:15-cv-04519**

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy

as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

### MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.
### Case No. 7:16-cv-06981

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018): In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

### IN RE: OUTER BANKS POWER OUTAGE LITIGATION
### Case No. 4:17-cv-00141

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018): The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

### GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.
### Case No. 7:13-cv-03073

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017): Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

### HALVORSON v. TALENTBIN, INC.
**Case No. 3:15-cv-05166**

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement    Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

### IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION
**MDL No. 2669/Case No. 4:15-md-02669**

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017):  The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

### TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.
**Case No. 1:15-cv-00912**

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise

Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

### IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION
### Case No. 1:14-md-02583

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

### ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC
### Case No. 384003V

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite* [emphasis added].

### IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION
### Case No. 2:08-cv-00051

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016):  This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will

receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

### FENLEY v. APPLIED CONSULTANTS, INC.
### Case No. 2:15-cv-00259

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of *the efforts of Angeion were highly successful and fulfilled all of those requirements* [emphasis added].

### FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.
### Case No. 1:15-cv-08372

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016):  The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

### *IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION*
**MDL No. 2001/Case No. 1:08-wp-65000**

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016):  The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

### *SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.*
**Case No. 2:09-cv-08394**

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016):  The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

### *FERRERA, ET AL. v. SNYDER'S-LANCE, INC.*
**Case No. 0:13-cv-62496**

The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016):  The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

### *IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION*
**MDL No. 2328/Case No. 2:12-md-02328**

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014):  To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the

plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### *SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.*
**Case No. 0:13-cv-61747**

The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015):  The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

### *OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.*
**Case No. 3:14-cv-00645**

The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

EXHIBIT C

**United States District Court for the Western District of Tennessee**

*In re Family Dollar Stores, Inc., Pest Infestation Litigation*, Case No. 2:22-md-03032-SHL-TMP

## <u>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION</u>

If you are a Person[1] who, from January 1, 2020, through February 18, 2022, inclusive (the "Class Period"), purchased any product from an Affected Family Dollar Store, you may be eligible for a $25 Family Dollar Gift Card from a Class Action Settlement

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

A Settlement has been reached with Defendants Family Dollar Stores of Tennessee, LLC; Family Dollar Stores of Arkansas, LLC; Family Dollar Stores of Alabama, LLC; Family Dollar Stores of Louisiana, LLC; Family Dollar Stores of Missouri, LLC; Family Dollar Stores of Mississippi, LLC; Family Dollar Services, LLC; Family Dollar Stores, LLC (formerly Family Dollar Stores, Inc.); Family Dollar, LLC (formerly Family Dollar, Inc.); Dollar Tree, Inc.; and Dollar Tree Stores, Inc. ("Defendants") and Plaintiffs in a class action lawsuit.

**What Is the Case About?**

This lawsuit alleges that rodents were present at times during the Class Period in Family Dollar's West Memphis Distribution Center located in West Memphis, Arkansas. The lawsuit further alleges that, as a result, Family Dollar sold potentially contaminated products in certain Family Dollar stores located in the states of Arkansas, Alabama, Louisiana, Mississippi, Missouri, and Tennessee that were serviced by the West Memphis Distribution Center during the Class Period. Settlement Class Members include any Person who purchased any product from an Affected Family Dollar Store during the Class Period. Family Dollar expressly denies any liability or wrongdoing.

**Who Is Part of the Settlement Class?**

The Settlement Class includes all Persons who purchased any product from an Affected Family Dollar Store during the Class Period.

**What Does the Settlement Provide?**

If the Settlement is approved by the Court, Family Dollar will provide one Family Dollar Gift Card per Household, with a value of $25, to Settlement Class Members who submit a Claim Form that has been approved by the Court's authorized Settlement Administrator. A Family Dollar Gift Card can be used to buy all products/goods (other than alcohol, tobacco, and anything else prohibited by applicable law) at any Family Dollar store located in any state. The Family Dollar Gift Cards will be fully transferrable, will not expire, and may be used in conjunction with other promotions or discounts. There is no requirement to make any separate purchase, or to spend any of your own money to redeem the Family Dollar Gift Card.

---

[1] All capitalized terms in this Notice are defined in the Settlement Agreement, a copy of which is available at [Settlement Website].

**How Do I Submit a Claim and Receive a Family Dollar Gift Card?**

To qualify for a Family Dollar Gift Card, you must complete a Claim Form. Claim Forms may be submitted online at [link to Settlement Website] or printed from the website and mailed to the Settlement Administrator at *Family Dollar MDL Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

You may also contact the Settlement Administrator by telephone [phone number], by email [email address], or by U.S. mail at *Family Dollar MDL Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 to request a Claim Form.

**Your Other Options**

If you are a Settlement Class Member and you do nothing, your rights will be bound by the Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself from it by opting out.  The deadline to exclude yourself is [date].  Unless you exclude yourself, you will give up any right to sue Family Dollar based on the legal and factual issues that this Settlement resolves.  If you exclude yourself, you cannot receive a Family Dollar Gift Card.  If you do not exclude yourself from the Settlement, you may object to the Settlement or Class Counsel's fees. The date to object is [date].  More information about these options can be found in the Frequently Asked Questions document and Class Action Settlement Agreement and Release, which are available at [link to Settlement Website].

**The Court's Final Approval Hearing**

The Court will hold a Final Approval Hearing at [time] on [Date], 2023.  The hearing will be held at the Odell Horton Federal Building, Courtroom 1—11th Floor, 167 North Main Street, Memphis, Tennessee 38103.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider whether to approve Class Counsel's request for an award of attorneys' fees and expenses, as well as certain Settlement Class Representatives' Service Awards.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the Settlement.

**For more information: Please call [phone number] or visit [link to Settlement Website]**

EXHIBIT D

**United States District Court for the Western District of Tennessee**

*In re Family Dollar Stores, Inc., Pest Infestation Litigation*, Case No. 2:22-md-03032-SHL-TMP

<u>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**</u>

If you are a Person[1] who, from January 1, 2020, through February 18, 2022, inclusive, purchased any product from an Affected Family Dollar Store, you may eligible for a $25 Family Dollar Gift Card from a Class Action Settlement

*A federal court authorized this Notice.  You are not being sued.  This is not a solicitation from a lawyer.*

- A Settlement has been reached between Defendants Family Dollar Stores of Tennessee, LLC; Family Dollar Stores of Arkansas, LLC; Family Dollar Stores of Alabama, LLC; Family Dollar Stores of Louisiana, LLC; Family Dollar Stores of Missouri, LLC; Family Dollar Stores of Mississippi, LLC; Family Dollar Services, LLC; Family Dollar Stores, LLC (formerly Family Dollar Stores, Inc.); Family Dollar, LLC (formerly Family Dollar, Inc.); Dollar Tree, Inc.; and Dollar Tree Stores, Inc. ("Defendants") and Plaintiffs in a class action lawsuit pending in the United States District Court for the Western District of Tennessee.

- You are included in this Settlement as a Settlement Class Member if you, from January 1, 2020, through February 18, 2022, inclusive (the "Class Period"), purchased any product from an Affected Family Dollar Store.

- The lawsuit is known as *In re Family Dollar Stores, Inc. Pest Infestation Litigation*, Case No. 2:22-md-03032-SHL-TMP (W.D. Tennessee).  Defendants deny that they violated any law, and the Court has not ruled in favor of any party.  But the parties have agreed to the Settlement to avoid the costs and risks associated with continuing this case, and to allow the Settlement Class Members to receive Family Dollar Gift Cards from the Settlement.

- Your rights are affected whether you act or don't act.  Please read this Notice carefully.

| Summary of Your Legal Rights and Options in This Settlement | | Deadline |
|---|---|---|
| **Submit a Claim** | The only way to receive a Family Dollar Gift Card from this Settlement is by submitting a timely and properly completed Claim Form that obtains approval from the Settlement Administrator.<br><br>Claim Forms may be submitted online at [link to Settlement Website] or printed from the website and | [date], 2023 |

---

[1] All capitalized terms in this Notice are defined in the Settlement Agreement, a copy of which is available at [Settlement Website].

| | | |
|---|---|---|
| | mailed to the Settlement Administrator at *Family Dollar MDL Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. | |
| | You may also contact the Settlement Administrator by telephone [phone number], by email [email address], or by U.S. mail at *Family Dollar MDL Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 to request a Claim Form. | |
| | For more information see **Question 10**. | |
| **Opt Out of the Settlement** | You can choose to opt out of the Settlement and not receive a Family Dollar Gift Card.  This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement.  Counsel for the class will not represent you.  You can elect your own legal counsel at your own expense.<br><br>For more information see **Question 18**. | [date], 2023 |
| **Object to the Settlement and/or Attend a Hearing** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you do not approve of the Settlement.  You may also ask the Court for permission to speak about your objection at the Final Approval Hearing.  If you object, you may also file a Claim Form for a Family Dollar Gift Card.<br><br>For more information see **Question 19**. | [Date], 2023 |
| **Do Nothing** | Unless you opt out of this Settlement, you are automatically part of the Settlement.  If you do nothing, you will not get a Family Dollar Gift Card as a result of the Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

| **What This Notice Contains** |
|---|

**Page**

1.    Why was this Notice issued? ...........................................................4

2.    What is this lawsuit about? ............................................................4

3.    What is a class action lawsuit?.......................................................4

4.    Why is there a Settlement? ............................................................5

5.    Who is in the Settlement? .............................................................5

6.    What are the Affected Family Dollar Stores?................................5

7.    Are there exceptions to being included in the Settlement?............5

8.    What does the Settlement provide?................................................6

9.    What claims am I releasing if I stay in the Settlement Class? ........6

10.   How do I submit a claim and get a gift card? ...............................6

11.   What is the deadline for submitting a claim?................................7

12.   Someone with whom I live and I both want to submit a claim.  Will we both receive Family Dollar Gift Cards?........................................................................7

13.   When will I receive my Family Dollar Gift Card? ........................7

14.   Do I have a lawyer in the case? ....................................................7

15.   Should I get my own lawyer? .......................................................8

16.   How will the lawyers be paid?......................................................8

17.   How do I opt out of the Settlement? .............................................8

18.   How do I object to the Settlement?...............................................9

19.   What is the difference between objecting and excluding?.............10

20.   When is the Court's Final Approval Hearing? ............................10

21.   Do I have to come to the Final Approval Hearing? .....................11

22.   What happens if I do nothing at all? ...........................................11

23.   How can I learn more about this lawsuit?....................................11

**BASIC INFORMATION**

| 1. | Why was this Notice issued? |
|---|---|

A federal court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement.  This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The Honorable Sheryl H. Lipman of the United States District Court for the Western District of Tennessee is overseeing this class action.  The case is titled *In re Family Dollar Stores, Inc. Pest Infestation Litigation*, Case No. 2:22-md-03032-SHL-TMP (W.D. Tenn.).  The people that filed this lawsuit are called the "Plaintiffs" and the companies they sued, Family Dollar Stores of Tennessee, LLC; Family Dollar Stores of Arkansas, LLC; Family Dollar Stores of Alabama, LLC; Family Dollar Stores of Louisiana, LLC; Family Dollar Stores of Missouri, LLC; Family Dollar Stores of Mississippi, LLC; Family Dollar Services, LLC; Family Dollar Stores, LLC; Family Dollar, LLC; Dollar Tree, Inc.; and Dollar Tree Stores, Inc., are called the "Defendants."

| 2. | What is this lawsuit about? |
|---|---|

This lawsuit alleges that rodents were present at times during the Class Period in Family Dollar's West Memphis Distribution Center ("West Memphis Distribution Center") located in West Memphis, Arkansas.  The lawsuit further alleges that, as a result, Family Dollar sold potentially contaminated products in certain Family Dollar stores located in the states of Arkansas, Alabama, Louisiana, Mississippi, Missouri, and Tennessee that were serviced by the West Memphis Distribution Center during the Class Period.  Settlement Class Members include any Person who purchased any product from an Affected Family Dollar Store during the Class Period.  Family Dollar expressly denies any liability or wrongdoing.

| 3. | What is a class action lawsuit? |
|---|---|

In a class action, one or more individuals sue on behalf of other people with similar claims.  These individuals are known as "class representatives."  Together, the people included in the class action are called a "class" or "class members."  One court resolves the lawsuit for all class members, except for those who opt out from the settlement.  In this Settlement, the Settlement Class Representatives are Plaintiffs Sheena Bibbs, Tina Bishop, Beverly Gordon, Julian Graves, Martha Lacy, Taylor Lorimer, Sonya Mull, Vinnie Smith, Sandra Walker, and Jerome Whitney.

| 4. | Why is there a Settlement? |
|---|---|

The Court did not decide in favor of the Settlement Class Representatives or Defendants. Defendants deny all claims and that they violated any law. The Settlement Class Representatives and Defendants agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Settlement Class Members to receive Family Dollar Gift Cards from the Settlement. The Settlement Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

| 5. | Who is in the Settlement? |
|---|---|

The Settlement Class includes all Persons who purchased any product from an Affected Family Dollar store during the Class Period.

| 6. | What are the Affected Family Dollar Stores? |
|---|---|

The "Affected Family Dollar Stores" are Family Dollar stores located in the states of Arkansas, Alabama, Louisiana, Mississippi, Missouri, and Tennessee that were serviced by the West Memphis Distribution Center during the Class Period.

| 7. | Are there exceptions to being included in the Settlement? |
|---|---|

Yes. The Settlement Class does not include: (i) Defendants; (ii) Defendants' agents, parents, officers, predecessors, directors, legal representatives, heirs, successors or wholly or partly owned subsidiaries or affiliates of Defendants; (iii) Class Counsel and any other attorneys who represent Settlement Class Representatives or the Settlement Class in this Action, as well as their agents and employees; (iv) the judicial officers and court staff assigned to this case, as well as their immediate family members; and (v) Persons who timely request to be excluded from this Settlement as provided below in **Question 18**.

You may submit a Claim Form if you purchased any product from an Affected Family Dollar Store during the Class Period.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing the Settlement Administrator at [email address] or calling the Settlement Administrator at [phone number]. You may also view the Settlement Agreement at [link to Settlement Website] (website).

## THE SETTLEMENT BENEFITS

| **8.** | **What does the Settlement provide?** |
|---|---|

If the Settlement is approved by the Court, Family Dollar will provide one Family Dollar Gift Card per Household, each with a value of $25, to Settlement Class Members who submit a Claim Form that is approved by the Settlement Administrator (an "Approved Claim"). A Family Dollar Gift Card can be used to buy all products/goods at any Family Dollar store in any state (other than alcohol, tobacco, and anything else prohibited by applicable law). The Family Dollar Gift Cards will be fully transferrable, will not expire, and may be used in conjunction with other promotions or discounts. There is no requirement to make any separate purchase, or to spend any of your own money to redeem the Family Dollar Gift Card.

All Settlement Class Members who have not opted out of the Settlement and who have submitted Approved Claims will receive gift cards of equal amounts. No Settlement Class Member will receive a greater, or lesser, gift card value than any other Settlement Class Member.

| **9.** | **What claims am I releasing if I stay in the Settlement Class?** |
|---|---|

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants concerning any of the legal claims this Settlement resolves. The "Released Claims" section in the Settlement Agreement describes the legal claims that you give up ("release") if you remain in the Settlement Class. The Settlement Agreement can be found at [link to Settlement Website].

## HOW DO I MAKE A CLAIM AND RECEIVE A FAMILY DOLLAR GIFT CARD

| **10.** | **How do I submit a claim and get a gift card?** |
|---|---|

You may submit a Claim Form if you purchased any product from an Affected Family Dollar Store during the Class Period.

Claim Forms may be submitted online at [link to Settlement Website] or printed from the website and mailed to the Settlement Administrator at: *Family Dollar MDL Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

You may also contact the Settlement Administrator to request a Claim Form by telephone [phone number], by email [email address], or by U.S. mail at *Family Dollar MDL Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

| 11. | What is the deadline for submitting a claim? |
|-----|-----|

If you submit a Claim Form by U.S. mail, the completed and signed Claim Form must be postmarked by [Date].  If submitting a Claim Form online, you must do so by 11:59 PM, CT on [Date].

| 12. | Someone with whom I live and I both want to submit a claim.  Will we both receive Family Dollar Gift Cards? |
|-----|-----|

Only one Person per Household may receive a Family Dollar Gift Card.  If more than one Person residing in the same Household submits a Claim Form, only the first Claim Form that meets all of the requirements of the Settlement Agreement will be deemed an Approved Claim, and only the Person who submitted that Claim Form will receive a Family Dollar Gift Card.

| 13. | When will I receive my Family Dollar Gift Card? |
|-----|-----|

Family Dollar Gift Cards from the Settlement will be distributed if the Court grants Final Approval of the Settlement and after any possible appeals are resolved.

The Court has scheduled a Final Approval Hearing for the Settlement of this case on [Date] at [time] and during the hearing will consider:  (1) whether to approve the Settlement; (2) any objections; (3) the requests for awards to certain of the Settlement Class Representatives; and (4) the request for an award of attorneys' fees and costs to Class Counsel for their work in this litigation.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them.

The briefs and declarations in support of the Final Approval of the Settlement and the requests described above will be included on the Settlement Website, [link to Settlement Website], after they are submitted to the Court.  You may ask to appear at the hearing but you do not have to appear.  The date and time of the Final Approval Hearing is also subject to modification by the Court.  Please review the Settlement Website for any updated information regarding the final hearing.

<strong>THE LAWYERS REPRESENTING YOU</strong>

| 14. | Do I have a lawyer in the case? |
|-----|-----|

Yes.  The Court has appointed J. Gerard Stranch, IV, Sarah Sterling Aldridge, and Charles J. LaDuca to represent the Settlement Class as Class Counsel.  You will not be charged for their services.

| **15.** | **Should I get my own lawyer?** |
|---|---|

You do not need to hire your own lawyer because Class Counsel works for you.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **16.** | **How will the lawyers be paid?** |
|---|---|

Class Counsel will ask the Court for an award of attorneys' fees not to exceed $10,000,000, as well as reasonable expenses incurred in the litigation not to exceed $500,000. They will also ask the Court to approve a Service Award for certain of the Settlement Class Representatives not to exceed $5,000 each, and a Service Award for other Settlement Class Representatives not to exceed $2,000.  The Court may award less than these amounts.  The attorneys' fees and costs and Service Awards will not decrease the value of the Family Dollar Gift Cards provided to Settlement Class Members who submit Approved Claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **17.** | **How do I opt out of the Settlement?** |
|---|---|

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue the Defendants about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class.  This is called "opting out" of the Settlement Class. The deadline for requesting exclusion from the Settlement is [date].

To exclude yourself from the Settlement, you must submit a completed and signed opt-out form online at [link to Settlement Website] or by U.S. mail at the below address.  Alternatively, you can submit a written request for exclusion that includes the following information:  (i) the case name of the Action, *In re Family Dollar Stores, Inc. Pest Infestation Litigation*, Case No. 2:22-md-03032-SHL-TMP (W.D. Tenn.); (ii) your name, current address, email address, and phone number; (iii) your personal signature; (iv) a statement clearly indicating your intent to be excluded from the Settlement (the request can only be made for you, not on another Person's behalf); (v) a statement that you personally purchased a product from an Affected Family Dollar Store during the Class Period; and (vi) a list of the Affected Family Dollar Store(s) from which you purchased a product during the Class Period.

Your request for exclusion must be submitted online at [link to Settlement Website], after which you must verify the opt-out at the email address you provide, or via U.S. mail at the address below:

*Family Dollar MDL Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

If you exclude yourself, you are stating to the Court that you do not want to be part of the Settlement.  You will not be eligible to receive a Family Dollar Gift Card if you exclude yourself. You may only exclude yourself—not any other Person.  Opt-out requests seeking exclusion on behalf of more than one individual will be found invalid by the Settlement Administrator.

If you submit electronically, the opt-out form must be submitted and verified no later than [time] on or before [Date], 2023.

If submitted by U.S. mail, the Opt-Out Form or any written request to opt-out must be postmarked no later than [date], 2023.

Please see Paragraph 9 of the Settlement Agreement for more details.

### OBJECTING TO THE SETTLEMENT

| 18. | How do I object to the Settlement? |
|---|---|

If you are a Settlement Class Member, you can choose (but are not required) to object to the Settlement if you do not like it or a portion of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  Your objection must include: (i) the case name and number:  *In re Family Dollar Stores, Inc. Pest Infestation Litigation*, Case No. 2:22-md-03032-SHL-TMP (W.D. Tenn.); (ii) your full name, address, telephone number, and email address, and, if you are represented by counsel, the full name, address, telephone number, and email address of your counsel; (iii) a statement that you purchased a product from an Affected Family Dollar Store during the Class Period; (iv) a list of the Affected Family Dollar Store(s) from which you purchased a product during the Class Period;  (v) any supporting papers, materials, or briefs you wish the Court to consider when reviewing your objection; (vi) a statement of whether your objection applies only to you, to a specific subset of the class, or to the entire class; (vii) a statement of the number of times in which you (and, where applicable, your counsel) have objected to a class action settlement within the five years preceding the date that you file the objection, along with the caption of each case in which you made such objection; (viii) a statement of the specific grounds for the objection, including any legal and factual support and any evidence in support of the objection; (ix) a statement of whether you intend to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and (x) your signature.

Lawyers asserting objections on behalf of Settlement Class Members must:  (1) file a notice of appearance with the Court by the deadline set by the Court in the Preliminary Approval Order, or as the Court otherwise may direct; (2) file a sworn declaration attesting to his or her representation of each Settlement Class Member on whose behalf the objection is being filed or file (*in camera*) a copy of the contract between that lawyer and each such Settlement Class Member; and (3) comply with all of the requirements and procedures described in the Settlement Agreement. Lawyers asserting objections on behalf of Settlement Class Members also must file a sworn declaration that specifies the number of times during the prior five-year period they have objected to a class action settlement on their own behalf or on behalf of a member of a class.

You or your attorney may speak at the Final Approval Hearing about your objection.  To do so, you must include a statement in your objection indicating that you or your attorney intend to appear at the Final Approval Hearing, as well as a description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing and copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.  Please see Paragraph 10 of the Settlement Agreement for more details.

Any comments or objections must be submitted to the Court either by mailing them to the <mark>Clerk of Court Offices, United States District Court for the Western District of Tennessee</mark>; or by filing them in person at any location of the United States District Court for the Western District of Tennessee, and they must be filed or postmarked on or before <mark>[Date]</mark>.

**<mark>Clerk of Court</mark>**
**<mark>United States District Court for the Western District of Tennessee</mark>**
**<mark>Odell Horton Federal Building</mark>**
**<mark>167 North Main Street, Suite 1072</mark>**
**<mark>Memphis, TN 38103-1837</mark>**

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Settlement Agreement and the Preliminary Approval Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms of or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Settlement Agreement by appeal or any other means.

| | |
|---|---|
| **19.** | **What is the difference between objecting and excluding?** |

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

| | |
|---|---|
| **20.** | **When is the Court's Final Approval Hearing?** |

The Court has scheduled a Final Approval Hearing at <mark>[time]</mark> on <mark>[Date]</mark>. The hearing will be held at the Odell Horton Federal Building, Courtroom 1—11th Floor, 167 North Main Street, Memphis, TN 38103.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve Class Counsel's request for an award of attorneys' fees and expenses, as well as certain Settlement Class Representatives' Service Awards. If there are objections, the Court will consider them. Chief Judge Lipman will listen to people who have asked to speak at the hearing (see **Question 19** above). After the hearing, the Court will decide whether to approve the Settlement.

The date or time of the Final Approval Hearing may change. Please check the Settlement Website, <mark>[link to Settlement ]</mark>, for any updates.

| 21. | Do I have to come to the Final Approval Hearing? |
|---|---|

No.  Class Counsel will answer any questions the Court may have.  You may attend at your own expense if you wish.  If you file an objection, you do not have to come to the Final Approval Hearing to talk about it.  If you file your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but such attendance is not necessary for the Court to consider an objection that was filed on time.

## IF I DO NOTHING

| 22. | What happens if I do nothing at all? |
|---|---|

If you are a Settlement Class Member and you do nothing, you will give up the rights explained above, including your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendants and the Released Parties about the legal issues resolved by this Settlement. In addition, you will not receive a Family Dollar Gift Card from this Settlement.

## GETTING MORE INFORMATION

| 23. | How can I learn more about this lawsuit? |
|---|---|

This Notice summarizes the proposed Settlement.  Complete details are provided in the Settlement Agreement.  The Settlement Agreement and other related documents are available at the Settlement Website, [link to Settlement Website].

If you have additional questions, you may contact the Settlement Administrator by email, phone, or mail:

Email:  [email address]

Toll-Free:  [phone number]

Mail:  *Family Dollar MDL Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

Publicly filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Western District of Tennessee or reviewing the Court's online docket.

***Please do not contact the Court, its Clerks, or Defendants.***

EXHIBIT E

<table>
<tr><td>**Claim Forms must be submitted online or postmarked by:**<br><br>**September 18, 2023**</td><td>**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE**<br><br>**IN RE: FAMILY DOLLAR STORES, INC., PEST INFESTATION LITIGATION**<br><br>**CASE NO. 2:22-MD-03032-SHL-TMP**</td><td>**FAM**</td></tr>
</table>

## CLAIM FORM

### CLAIM FORM INSTRUCTIONS

1. You may submit your Claim Form online at [WEBSITE URL] or by U.S. Mail to the following address: *Family Dollar MDL Settlement*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

2. You must complete the entire Claim Form. Please type or write your responses legibly.

3. Please keep a copy of your Claim Form for your records.

4. If your Claim Form is incomplete or missing information, the Settlement Administrator may contact you for additional information. If you do not respond, the Settlement Administrator will be unable to process your claim, and you will waive your right to receive a Family Dollar Gift Card under the Settlement.

5. If you have any questions, please contact the Settlement Administrator by email at [EMAIL ADDRESS] or by mail at the address listed above.

6. **You must notify the Settlement Administrator if your address changes. If you do not, you may not receive your Family Dollar Gift Card.**

7. **DEADLINE -- Your claim must be submitted online by September 18, 2023. Claim Forms submitted by mail must be mailed to the Settlement Administrator postmarked no later than September 18, 2023.**

<table>
<tr><td rowspan="2">

**Claim Forms must be submitted online or postmarked by:**

**September 18, 2023**

</td><td>

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE**

**IN RE: FAMILY DOLLAR STORES, INC., PEST INFESTATION LITIGATION**

**CASE NO. 2:22-MD-03032-SHL-TMP**

</td><td rowspan="2">

**FAM**

</td></tr>
<tr><td>

**CLAIM FORM**

</td></tr>
</table>

## I.  YOUR CONTACT INFORMATION AND MAILING ADDRESS

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.

| | |
|---|---|
| | |
| **First Name** | **Last Name** |

| |
|---|
| |
| **Street Address** |

| | | |
|---|---|---|
| | | |
| **City** | **State** | **Zip Code** |

| | |
|---|---|
| | |
| **Email Address** | **Notice ID** (*Enter the Notice ID # if you received notice of this settlement via email*) |

## II.  FAMILY DOLLAR STORE INFORMATION

Provide as much information as you are able about the address or store number of the Family Dollar Store(s) you shopped at between January 1, 2020, and February 18, 2022, inclusive:

| # | Store Number | Street Address | City | State | Zip |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |

2

<table>
<tr><td>

**Claim Forms must be submitted online or postmarked by:**

**September 18, 2023**

</td><td>

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE**

**IN RE: FAMILY DOLLAR STORES, INC., PEST INFESTATION LITIGATION**

**CASE NO. 2:22-MD-03032-SHL-TMP**

**CLAIM FORM**

</td><td>

**FAM**

</td></tr>
</table>

## III. SIGNATURE AND ATTESTATION UNDER PENALTY OF PERJURY

By signing below and submitting this Claim Form, I hereby swear under penalty of perjury that:

- I am the person identified above and all the information provided in this Claim Form is true and correct;
- Between January 1, 2020, and February 18, 2022, inclusive, I personally purchased a product from an Affected Family Dollar Store; and
- Neither I, nor any member of my household has previously submitted a Claim Form in this Settlement.

_____          Date: _____
Your signature                                                          MM          DD          YYYY

3

# EXHIBIT F

# FILED UNDER SEAL

EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| ***In re Family Dollar Stores, Inc., Pest Infestation Litigation*** | MDL No. 3032 |
| **This Document Relates To:** | Case No. 2:22-md-03032-SHL-TMP |
| **ALL CASES** | |

**[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, Sheena Bibbs, Tina Bishop, Beverly Gordon, Julian Graves, Martha Lacy, Taylor Lorimer, Sonya Mull, Vinnie Smith, Sandra Walker, and Jerome Whitney (together, "Settlement Class Representatives"), and Defendants Family Dollar Stores of Tennessee, LLC; Family Dollar Stores of Arkansas, LLC; Family Dollar Stores of Alabama, LLC; Family Dollar Stores of Louisiana, LLC; Family Dollar Stores of Mississippi, LLC; Family Dollar Stores of Missouri, LLC; Family Dollar Services, LLC; Family Dollar, LLC (formerly Family Dollar, Inc.); Family Dollar Stores, LLC (formerly Family Dollar Stores, Inc.); Dollar Tree, Inc.; and Dollar Tree Stores, Inc. (together, "Defendants"), entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement") on June 16, 2023 (ECF No. [X]), which, together with the Exhibits and appendix thereto, sets forth the terms and conditions for a proposed resolution of this Action and for its dismissal with prejudice;

WHEREAS, by Order dated [Date], 2023, the Court granted preliminary approval of the Settlement between the parties to the Action, ordering notice to Settlement Class Members through email and publication notice, and providing Settlement Class Members with an opportunity either to exclude themselves from the Settlement Class or to object to the Settlement (ECF No. [X]);

WHEREAS, by Order dated [Date], 2023, the Court also provisionally certified the Settlement Class for Settlement purposes only, finding that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Settlement Class Representatives and Class Counsel are adequate representatives of the Settlement Class (*id.*);

WHEREAS, the Court held a Final Approval Hearing on [Date], 2023, to consider the approval of this Settlement, at which time the parties, and those who timely submitted their notices of intent to appear at the hearing, were given the opportunity to be heard in support of and/or in opposition to the Settlement;

WHEREAS, the Court has considered the Settlement Agreement, the record in this Action, and the parties' arguments and authorities;

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

1.     All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement unless stated otherwise herein.

2.     The Court has jurisdiction over this Action and the parties.

3.     The Court has reviewed the Notice Plan, and [Settlement Administrator's declaration describing the results of the notice campaign], and finds that the Notice Plan constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

4.     The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied and certifies the following Settlement Class:

> All Persons who, from January 1, 2020, through February 18, 2022, inclusive, purchased any product from an Affected Family Dollar Store.

Excluded from the Settlement Class are: (i) Defendants; (ii) Defendants' agents, parents, officers, predecessors, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliates of Defendants; (iii) Class Counsel and any other attorneys who represent Settlement Class Representatives or the Settlement Class in this Action, as well as their agents and employees; (iv) the judicial officers and court staff assigned to this case, as well as their immediate family members; and (v) Persons who timely requested to be excluded from this Settlement.

5.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on, among other things, the factors enumerated in *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen Motors Corp.*, 497 F.3d 615 (6th Cir. 2007):

a.     There is no fraud or collusion underlying this Settlement, and it was reached as a result of a mediation overseen by an experienced and impartial mediator, the Hon. Janice M. Holder (Ret.).  *See, e.g.*, *In re Flint Water Cases*, 571 F. Supp. 3d 746, 780 (E.D. Mich. 2021)

(stating that "there appears to be no better evidence of [a truly adversarial bargaining process] than the presence of a neutral third party mediator") (internal citations omitted)).  Additionally, the parties did not discuss service award payments or attorneys' fees and expenses while negotiating the material terms of the Settlement, and they made no agreements in connection with Class Counsel's requests for service award payments for certain Settlement Class Representatives and Class Counsel's requests for attorneys' fees and expenses.  Despite the mediator's involvement, the Court has performed its own, independent analysis of the Settlement's fairness, reasonableness, and adequacy pursuant to Federal Rule of Civil Procedure 23(e)(2).  *See UAW*, 497 F.3d at 631.

       b.     The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a shorter time frame than otherwise possible— on behalf of the Settlement Class Members.  *See Doe 1-2 v. Déjà vu Servs.*, 2017 WL 2629101, at *6 (E.D. Mich. June 19, 2017) (approving settlement with rent credits because "the high risk of continued litigation and the uncertain likelihood of success on the merits weigh heavily in favor of approval"), *aff'd*, 925 F.3d 886 (6th Cir. 2019).  Based on the stage of the proceedings and the amount of investigation and discovery contemplated, the parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.  For instance, Class Counsel served 18 interrogatories, 58 requests for admission, and 46 document requests on each Defendant, and Defendants responded to the written discovery and produced more than 24,000 pages of documents.  Defendants also served 48 document requests upon Settlement Class Representatives, from those who responded, a combined total of 6,000 pages of documents were produced, with more than 1,500 pages from Settlement Class Representatives themselves.  Defendants also deposed seven Settlement Class Representatives.  The parties additionally participated in regular monthly status conferences before the Court.

       c.     Absent the Settlement, many obstacles could have prevented the Settlement Class from obtaining any recovery, even before reaching trial.  The parties were still in the midst of discovery and the Settlement Class Representatives faced considerable risk in facing summary judgment and class certification motions.  Even if the Settlement Class Representatives were able

to maintain the Action beyond summary judgment and class certification, Defendants maintained that no Settlement Class Member had suffered any harm, and the Settlement Class Representatives' methods for determining and calculating their alleged damages would have been vigorously disputed by Defendants. The Settlement Class Representatives' ability to establish both liability and damages hinges in large part on expert testimony, which is admissible only if it meets the requirements of the Federal Rules of Evidence and *Daubert*. Accordingly, without a settlement, the Court would need to resolve a "battle of the experts" that could result in exclusion of the principal evidence supporting the Settlement Class Representatives' claims. Settlement Class Representatives had no guarantee that they would make it to trial, win at trial, and/or win on appeal. Even if they did win at trial and on appeal, relief for the Settlement Class was likely years away as a result of the lengthy litigation process. The Settlement eliminates these risks and provides immediate and significant benefits to Settlement Class Members.

d.  Family Dollar Gift Cards are substantial compensation to Settlement Class Members. The Family Dollar Gift Cards, each valued at $25, are usable at any Family Dollar store. The Family Dollar Gift Cards: (a) shall be limited to one per household; (b) may be used for the purchase of any item sold at Family Dollar stores, excluding only those purchases prohibited or restricted by state law (such as alcohol or tobacco); (c) shall be fully transferable; (d) can be used in conjunction with other promotions or discounts (i.e., stackable); (e) shall have no expiration date; (f) do not require any separate purchase, or that the holder spend any of his/her own money to redeem; and (g) may be used in multiple transactions. In light of the "complexity, expense, and likely duration of the litigation," this compensation is fair and reasonable. *UAW*, 497 F.3d at 631.

e.  The support of Class Counsel and the Settlement Class Representatives, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval. *See UAW*, 497 F.3d at 631.

f.  The reactions of the Settlement Class Members also supports final approval.

4

g.      The Court finds that the Settlement is in the public interest.  The Settlement provides substantial relief to Settlement Class Members, and avoids the risks and costs of litigation, as described above.  *Déjà vu Servs.*, 925 F.3d at 899 ("There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources.").

6.      All objections to the Settlement are overruled.

7.      A list of those who have timely opted out of the Settlement and who therefore are not bound by the Settlement Agreement has been submitted to the Court as Exhibit [X].  That list is incorporated by reference herein.  All other members of the Settlement Class are subject to all provisions of the Settlement Agreement and this Court's orders entering the Settlement Agreement.

8.      The Release set forth in Paragraph 6 of the Settlement Agreement is incorporated herein by reference and all Settlement Class Representatives and Settlement Class Members shall be fully subject to all of these provisions.

9.      Upon the Effective Date: (i) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Representatives and Settlement Class Members; and (ii) Settlement Class Representatives and Settlement Class Members stipulate to be and shall be permanently barred from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.  Accordingly, the Settlement shall terminate the Action.

10.     The Court finds that an award of attorneys' fees and expenses is appropriate pursuant to Federal Rule of Civil Procedure 23(e)(2)(C)(iii) and therefore approves such award to Class Counsel in an amount, manner, and timing as set forth in the Court's separate Order on Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards.  No further application for an award of attorneys' fees or costs may be made by any counsel.

11.     Class Counsel shall distribute the Attorneys' Fees and Expenses Award among counsel representing the Settlement Class Representatives and Settlement Class.  The amount of

the distribution shall be calculated by Class Counsel, subject to the Court's oversight.  No other counsel will be entitled to an independent award of attorneys' fees or expenses.

12.     The Court finds that payment of Service Awards to certain of the Settlement Class Representatives is fair and reasonable and therefore approves such payment as set forth in the Court's separate Order on Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards.

13.     The Action, and all claims asserted therein, is settled and is dismissed on the merits with prejudice, as set forth in the Final Judgment.

14.     Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter of the Action, the parties, and the Settlement Class Members with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

15.     In the event that any applications for relief are made, such applications shall be made to the Court.

16.     The Settlement and this Order do not constitute an admission of wrongdoing, fault, liability, or damage of any kind, including with respect to the Settlement Class Representatives or any of the Settlement Class Members.  Defendants deny the material factual allegations and legal claims asserted in the Action, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged in the Action.  The Settlement and this Order provide for no admission of wrongdoing or liability by any of the Released Parties.  To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings committed with it, shall be offered, received, deemed to be, used as, construed as, and do not constitute a presumption, concession, admission, or evidence of (i) the validity of any Released Claims or of any liability, culpability, negligence, or wrongdoing on the part of the Released Parties; (ii) any fact alleged, defense asserted, or any

6

fault, misrepresentation, or omission by the Released Parties; (iii) the propriety of certifying a litigation class or any decision by any court regarding the certification of a class, and/or (iv) whether the consideration to be given in this Settlement Agreement represents the relief that could or would have been obtained through trial in the Action, in any trial, civil, criminal, administrative, or other proceeding of the Action or any other action or proceeding in any court, administrative agency, or other tribunal.

17.    Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

18.    The parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Settlement Agreement: (i) as are consistent with the Final Approval Order and the Final Judgment, and (ii) which do not materially limit the rights of Settlement Class Members under the Settlement Agreement.

A separate judgment consistent with this Order will issue pursuant to Fed. R. Civ. P. 58.

DATED: [Date], 2023

_____
HON. SHERYL H. LIPMAN
U.S. DISTRICT COURT CHIEF JUDGE

EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| *In re Family Dollar Stores, Inc., Pest Infestation Litigation* | MDL No. 3032 |
| **This Document Relates To:** | Case No. 2:22-md-03032-SHL-TMP |
| **ALL CASES** | |

**[PROPOSED] FINAL JUDGMENT**

On [Date], 2023, the Court signed and entered its Order Granting Final Approval of Class Action Settlement and its Order on Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards (ECF Nos. [#]) (the "Final Approval Order" and the "Order on Motion for Attorneys' Fees and Expenses and Service Awards") in the above-captioned matter as to the following class of persons:

> All Persons who, from January 1, 2020, through February 18, 2022, inclusive, purchased any product from an Affected Family Dollar Store.

JUDGMENT IS HEREBY ENTERED, pursuant to Federal Rule of Civil Procedure 58, as to the Settlement Class (excluding the individuals who validly and timely requested exclusion from the Settlement Class, as identified in the Final Approval Order and attached as Exhibit [X]); Settlement Class Representatives Sheena Bibbs, Tina Bishop, Beverly Gordon, Julian Graves, Martha Lacy, Taylor Lorimer, Sonya Mull, Vinnie Smith, Sandra Walker, and Jerome Whitney; and Defendants Family Dollar Stores of Tennessee, LLC; Family Dollar Stores of Arkansas, LLC; Family Dollar Stores of Alabama, LLC; Family Dollar Stores of Louisiana, LLC; Family Dollar Stores of Mississippi, LLC; Family Dollar Stores of Missouri, LLC; Family Dollar Services, LLC; Family Dollar, LLC (formerly Family Dollar, Inc.); Family Dollar Stores, LLC (formerly Family Dollar Stores, Inc.); Dollar Tree, Inc.; and Dollar Tree Stores, Inc. on the terms and conditions of the Settlement Agreement approved by the Court's Final Approval Order.

1. For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement unless otherwise defined in the Preliminary Approval Order or Final Approval Order.

2. Payments to Settlement Class Members under the Settlement Agreement shall be made as outlined in the Settlement Agreement.

3.      Upon the Effective Date: (i) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Representatives and Settlement Class Members; and (ii) Settlement Class Representatives and Settlement Class Members stipulate to be and shall be permanently barred from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

4.      The Action, including all actions consolidated into the Action and all claims asserted in the actions, are settled and dismissed on the merits with prejudice.

5.      Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the Settlement Class Representatives, the Settlement Class, Class Counsel, and Defendants as to all matters concerning administration, consummation, interpretation, and enforcement of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: [Date], 2023

_____
HON. SHERYL H. LIPMAN
U.S. DISTRICT COURT CHIEF JUDGE

# EXHIBIT I

# FILED UNDER SEAL